■ WILLIAM P. SCHOELIER, Appellant, v ARTHUR B. PULITZER, Respondent.—Order unanimously reversed, on the law, without costs, and motion granted, in accordance with the

following memorandum: This is an action to recover the balance of the purchase price due and owing from the sale of cattle to defendant. Plaintiff alleges in his complaint that the sale was pursuant to "an agreement with the defendant". Defendant's answer raised the affirmative defense that he is not a proper party to the action. When defendant refused to comply with a notice to take his deposition upon oral examination, plaintiff moved to strike defendant's answer on the grounds that defendant willfully disregarded the notice. Defendant's responding affidavit asserts "[t]hat as was indicated in the First Affirmative Defense of the Answer interposed, your deponent is not a proper party to this action, in that any transactions with plaintiff were done in the name of three corporations of which your deponent is an officer, and were not done in your deponent's name individually * * * That in view of the above, your deponent respectfully requests that the Motion of the Plaintiff dated March 4, 1986 be, in all respects, denied." Defendant's attorney's affidavit attached copies of invoices evidencing the sale to three corporations and "respectfully requests that the Complaint of the Plaintiff be dismissed". Defendant did not cross-move for dismissal of the action.

Special Term erred in treating defendant's request for dismissal as one for summary judgment under CPLR 3211 (c) and 3212. There was no cross motion to dismiss plaintiff's complaint. Even if there had been one, the court failed to give plaintiff "adequate notice" of its intention to treat the motion as one for summary judgment (CPLR 3211 [c]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 272; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Furthermore, the court failed to address the motion to strike defendant's answer on the ground that defendant willfully disregarded a notice to take deposition upon oral examination. It is undisputed that defendant willfully refused. Thus, the order appealed from must be reversed, plaintiff's complaint reinstated and plaintiff's motion to strike defendant's answer granted unless defendant appears to be deposed within 30 days after service of the order to be entered hereon. (Appeal from order of Supreme Court, Herkimer County, O'Donnell, J.—strike answer.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ. (Order entered May 13, 1987.)