■ BURT MILLWORK CORPORATION, Appellant, v IRPINIA CONSTRUCTION CORP. et al., Respondents, et al., Defendants.—In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Held, J.), entered November 16, 1989, as (1) denied that branch of its motion which was for summary judgment dismissing the respondents' counterclaim and striking their affirmative defenses, (2) denied that branch of its motion which was for an order of preclusion against the respondents pursuant to CPLR 3042 (c) for willful failure to disclose, including striking their answer and counterclaim pursuant to CPLR 3126, (3) upon searching the record, granted summary judgment pursuant to CPLR 3212 dismissing the complaint insofar as asserted against the respondents R & C General Contractors Corp., Rosa Gargano and Carmine Gargano, and (4) imposed a sanction of $1,000 upon the plaintiff's attorney.

Ordered that the order is modified, on the law, and as a

matter of discretion, by (1) granting that branch of the plaintiff's motion which was for summary judgment dismissing the respondents' counterclaim and affirmative defenses to the extent of dismissing the counterclaim and fourth affirmative defense and otherwise denying that branch of the motion, (2) granting that branch of the plaintiff's motion which was for an order of preclusion to the extent of striking the respondents' answer unless Rosa Gargano and Carmine Gargano appear at examinations before trial, (3) reinstating the plaintiff's complaint insofar as asserted against respondents R & C General Contractors Corp., Rosa Gargano and Carmine Gargano, and (4) deleting therefrom the provision imposing a sanction of $1,000 upon the plaintiff's attorney; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the examinations before trial shall occur at a time and place to be set forth in a written notice of at least 10 days, to be given by the plaintiff, or at such time and place as the parties may agree.

This action arises out of the sale of millwork supplies. Pursuant to three contracts, the plaintiff Burt Millwork Corp. provided the defendant Irpinia Construction Corporation (hereinafter Irpinia) with home improvement merchandise. The plaintiff subsequently commenced this action against Irpinia; Rosa and Carmine Gargano, the principals of Irpinia; Joseph A. and Joseph J. Cincotta, owners of one of the construction sites improved with the supplies from the plaintiff; and R & C General Contractors Corp. (hereinafter R & C), the owner of remaining construction sites improved with the supplies from the plaintiff. The action against the Cincottas was later dismissed.

The plaintiff alleges in the complaint, *inter alia*, that moneys are owed pursuant to two of the contracts. The respondents Gargano and R & C contend that no basis exists for liability on their part since the contracts were entered into by the plaintiff and Irpinia. The respondents assert as an affirmative defense and counterclaim that some of the materials received from the plaintiff pursuant to the contracts were untimely delivered or damaged. The contracts between the plaintiff and Irpinia, signed by the defendant Carmine Gargano, contained the following provision: "[a]ll claims by the purchaser shall be deemed waived unless made in writing within 10 days from the date of delivery and prior to use of the millwork". The Vice President of the plaintiff avers, and the respondents concede that no written claims were made by Irpinia against the plaintiff. Consequently, the respondents

have waived any defenses regarding the untimely delivery of merchandise or the delivery of defective merchandise and the fourth affirmative defense and counterclaim raise no triable issue of fact. Accordingly, this affirmative defense and counterclaim must be dismissed pursuant to CPLR 3212 *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The respondents additionally assert payment as an affirmative defense. As for the contract underlying the first cause of action, it is undisputed that Irpinia has made no payment. According to the plaintiff, the amount due on this contract is $4,520. According to the respondents, the balance due is undercredited. As for the contract underlying the second cause of action, it is not disputed that Irpinia has made part payment in the amount of $30,000. The parties differ, however, on the amount due. In light of the controversy over the credit due on the first contract and the balance due on the second contract, triable issues of fact exist as to the extent "payment" reduced the amount due on each contract. Therefore, summary judgment dismissing the affirmative defense of payment would be premature *(see, Zuckerman v City of New York, supra).*

We further find that that branch of the plaintiff's motion which was for summary judgment in its favor on the complaint was properly denied. In support of its motion, the plaintiff presented evidence including the two signed contracts, requisitions in the amounts allegedly due, and shipping tickets with lists of merchandise to demonstrate which supplies had been delivered. Most of these tickets, however, were illegible and some were not signed. In opposition, the respondents allege, *inter alia,* that the plaintiff failed to deliver certain merchandise pursuant to the contracts. The determination of what merchandise was actually delivered and accepted thus presents a factual question which cannot be determined on this record. Accordingly, an award of summary judgment is unwarranted *(see, Zuckerman v City of New York,* 49 NY2d 557, *supra).*

Moreover, the court erred in granting summary judgment in favor of the nonmoving respondents R & C General Contractors, and Rosa and Carmine Gargano. In this regard we note that the respondents have failed to comply with the plaintiff's disclosure demands and have failed to appear for scheduled examinations before trial. Since it appears that facts available to oppose summary judgment are in the respondents' control, an award of summary judgment in their favor would be at best premature *(see,* CPLR 3212 [f]; *Simpson v Term Indus.,*

126 AD2d 484). Moreover, we find that the respondents' failure to disclose was willful, and accordingly direct that their answer be stricken unless they appear for examinations before trial *(see, Read v Dickson,* 150 AD2d 543, 544; *see also, Schoelier v Pulitzer,* 130 AD2d 977, 978).

Finally, under the circumstances of this case, the court's imposition of a $1,000 sanction upon the plaintiff's attorney was entirely unwarranted (22 NYCRR 130-1.1 [d]). Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.