■ ELRAC, Inc., Doing Business as Enterprise Rent-A-Car, Respondent, v Jean-Marc Rudel, Appellant. [650 NYS2d 273] —In an action, *inter alia,* for indemnification, the defendant

418

appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated March 26, 1996, as granted the plaintiff's cross motion for summary judgment on its first and second causes of action.

Ordered that the order is modified, on the law, by deleting the provision granting the branch of the plaintiff's cross motion which was for summary judgment on its first cause of action for common-law indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The rental agreement between the plaintiff and the defendant provided that the defendant would indemnify the plaintiff for all claims arising out of the use of the rental vehicle. The defendant does not dispute that he was involved in an accident while driving the rental vehicle that resulted in damages being sustained by a third party. Therefore, the plaintiff established entitlement to summary judgment on its second cause of action for contractual indemnity. Contrary to the defendant's contention, the indemnification obligation imposed by the rental agreement was not superseded by an optional contractual provision which would have required the plaintiff "to provide financial protection to third parties and others". By its terms, that optional provision was not effective unless signed by both the renter and a representative of the plaintiff. The record here indicates that the parties did not sign that optional provision.

The plaintiff was not entitled to summary judgment on its first cause of action for common-law indemnification, however, since it failed to prove, as a matter of law, that the defendant was negligent in the operation of the rental vehicle at the time of the accident (see generally, Morris v Snappy Car Rental, 189 AD2d 115, affd 84 NY2d 21; Hertz Corp. v Dahill Moving & Stor. Co., 79 AD2d 589, affd 54 NY2d 619; see also, Dunn v Uvalde Asphalt Paving Co., 175 NY 214, 217). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.