■ ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Appellant, v BASIL BECKFORD, Respondent. [673 NYS2d 192] —In an action, inter alia, for indemnification, the plaintiff appeals, as limited by its brief, from so much of (1) a judgment of the Supreme Court, Suffolk County (Hall, J.), entered October 31, 1996, as, upon an order denying those branches of its motion which were for summary judgment on its first and second causes of action and sua sponte granting summary judgment to the defendant on those causes of action, dismissed those causes of action, and (2) an order of the same court, dated April 25, 1997, as, in effect, upon reargument, adhered to so much of the original determination as dismissed the first and second causes of action.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the judgment is vacated, and those branches of the plaintiff's motion which were for summary judgment on its first and second causes of action are granted.

A rental agreement between the plaintiff lessor (hereinafter the lessor) and the defendant lessee (hereinafter the lessee) provided that the lessee would indemnify the lessor for all claims arising out of the use of a rental vehicle. The lessee does not dispute that he was involved in an accident while driving the rental vehicle, and that a third party sustained damages as a result of the accident. Therefore, the lessor is entitled to summary judgment on its second cause of action for contractual indemnity (*see, ELRAC, Inc. v Rudel*, 233 AD2d 417).

The facts of this case are distinguishable from those in *Griffin v Fun Jung La* (229 AD2d 468), where a lessor sought to enforce an indemnification clause against an injured lessee. Because the lessor here seeks indemnification for sums it has actually paid to a third party, the policy underlying Vehicle and Traffic Law § 388 is not undercut by enforcement of the indemnification clause (*see, Morris v Snappy Car Rental*, 84 NY2d 21).

The lessor also is entitled to summary judgment on its first cause of action for common-law indemnification. Under the common law, a vehicle owner is entitled to indemnification from a negligent user (*see, Naso v Lafata*, 4 NY2d 585, 590). The lessor submitted evidence indicating that the lessee struck the rear end of the third party's vehicle while it was stopped. A rear-end collision with a stopped vehicle creates a prima facie case of negligence on the part of the driver of the moving vehicle, imposing a duty of explanation upon its driver (*see, LaFond v City of New York*, 245 AD2d 268; *Barile v Lazzarini*, 222 AD2d 635). The lessee failed to proffer any such explanation. Accordingly, the lessor is entitled to summary judgment on its first cause of action (*see, Gladstone v Hachuel*, 225 AD2d 730). Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.