■ Kevin Campbell, Plaintiff, v Joseph E. Bonne Annge et al., Defendants, and ELRAC, Inc., Doing Business as Enter-

PRISE RENT-A-CAR, Defendant and Third-Party Plaintiff-Respondent. MICHAEL SWEENEY, Third-Party Defendant-Appellant. (Action No. 1.) JOSEPH E. BONNE ANNGE, Plaintiff, v KEISHA C. RICHARDS, Defendant, and ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Defendant and Third-Party Plaintiff-Respondent. MICHAEL SWEENEY, Third-Party Defendant-Appellant. (Action No. 2.) [688 NYS2d 233] —In related actions to recover damages for personal injuries, Michael Sweeney, the third-party defendant in both actions, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated June 30, 1998, as granted the branch of the motion of ELRAC, Inc., d/b/a Enterprise Rent-A-Car, the defendant third-party plaintiff in both actions, which was for summary judgment on its third-party causes of action for contractual indemnification against him and, in effect, denied his cross motion for summary judgment dismissing the third-party complaints.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant rented a car from the respondent ELRAC, Inc., d/b/a Enterprise Rent-A-Car (hereinafter ELRAC). He then permitted his girlfriend, Keisha C. Richards, to sit in the car and subsequently to move it when directed by the police. While Richards was moving the car, she was involved in an accident. The plaintiffs sued, among others, ELRAC, which in turn sued the appellant. ELRAC contended that it was entitled to be indemnified by the appellant based upon the rental agreement between ELRAC and the appellant. The Supreme Court granted the motion by ELRAC for summary judgment on its third-party causes of action for contractual indemnification.

Contrary to the appellant's contention, the indemnification agreement was not void as against public policy under the facts present here (see, ELRAC, Inc. v Beckford, 250 AD2d 725; ELRAC, Inc. v Rudel, 233 AD2d 417; cf., Griffin v Fun Jung La, 229 AD2d 468). Since ELRAC made a prima facie showing of its entitlement to summary judgment under the indemnification clause in the rental agreement, which was not refuted by the appellant, it was entitled to summary judgment on this issue.

The appellant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.