■ LISA GAUDINO et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, CATHERINE GAUDINO, Appellant, and ELRAC, INC., Respondent. [695 NYS2d 614] —In an action to recover damages for personal injuries, etc., the defendant Catherine Gaudino appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated June 12, 1998, as granted that branch of the motion of the defendant ELRAC, Inc., which was for a protective order to deny disclosure of its application for a certificate of self-insurance, and limited her to the use of an exemplar copy of ELRAC, Inc.'s, application for a certificate of self-insurance in connection with her cross claim for indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) provides, *inter alia*, that "[t]here shall be full disclosure of all [evidence] material and necessary in the prosecution or defense of an action". This Court has repeatedly upheld the validity and enforceability of the indemnification provision at issue in this case, regardless of the reference concerning the availability of primary insurance coverage contained in the application of ELRAC, Inc. (hereinafter ELRAC), for a certificate of self-insurance (*see, Federal Ins. Co. v ELRAC, Inc.,* 262 AD2d 276; *Campbell v Bonne Annge,* 260 AD2d 526; *ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417). Accordingly, the contents of ELRAC's application for a certificate of self-insurance are irrelevant and immaterial to the indemnification claim, and the appellant is not entitled to their disclosure pursuant to CPLR 3101 (a) or to include demands for them in the notice to admit served on ELRAC.

In any event, we note that the Supreme Court effectively gave the appellant what she requested by ruling that she would be permitted to make use of an exemplar copy of ELRAC's self-insurance application, which contains the relevant language regarding primary coverage in preprinted form. S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.