OPINION OF THE COURT
Martin E. Ritholtz, J.
If an indemnitee fails to notify an indemnitor about an impending settlement, is the right to indemnity waived? This *524 is one of the issues raised in relation to plaintiffs motion for summary judgment against the defendants seeking contractual indemnification, and serves as a basis for the cross motion by defendant Cruz for summary judgment dismissing this action.
FACTUAL BACKGROUND
On August 7, 1995, defendant Carlos Cruz rented a car from plaintiff ELRAC, Inc., doing business as Enterprise Rent-A-Car. Pursuant to the rental agreement, defendant Melissa Sal-gado was listed as an “additional driver.” Defendant Cruz declined to purchase supplemental liability protection which plaintiff offered, and agreed instead that he (or his insurance carrier) would indemnify plaintiff for any third-party losses. In pertinent part, the rental agreement provided as follows: “Paragraph 15. renter’s indemnity provision: Renter shall defend, indemnify, and hold Owner harmless for all losses, liabilities, damages, injuries, claims, demands, costs and expenses connected with the possession or use of the rental car.”
Thereafter, on August 10, 1995, the subject rental vehicle, operated by defendant Salgado, was involved in an accident with a motor vehicle operated by Toniann Piarelli and owned by Rosa Piarelli. As a result of the accident, claims were made by the Piarellis against the plaintiff herein. Without notifying defendants Cruz and Salgado, plaintiff issued a settlement check in the amount of $3,500 to Rosa Piarelli for property damage to her vehicle, and another settlement check in the amount of $4,500 to Toniann Piarelli for bodily injuries sustained in the accident.
On or about August 11, 1999, plaintiff commenced this action by serving and filing a summons and complaint, seeking $8,000, based on a first cause of action alleging common-law indemnification, and a second cause of action alleging contractual indemnification. Defendant Cruz served an answer on plaintiff, and defendant Salgado has not appeared in this action.
MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT
Plaintiff moves herein, pursuant to CPLR 3212, for summary judgment on its second cause of action for contractual indemnity, as a matter of law, citing recent precedent (e.g., Morris v Snappy Car Rental, 84 NY2d 21; Campbell v Bonne Annge, 260 AD2d 526; ELRAC, Inc. v Beckford, 250 AD2d 725; ELRAC, Inc. v Rudel, 233 AD2d 417).
*525 Defendant Cruz cross-moves, pursuant to CPLR 3212, to dismiss this action on the following grounds: (1) paragraph 15 of the subject rental agreement is ambiguous and should be strictly construed against plaintiff, citing Mostow v State Farm Ins. Cos. (88 NY2d 321). Pursuant to the agreement, the “Renter shall * * * indemnify * * * for all losses * * * connected with the possession or use of the rental car.” Cross movant argues that at the time of the accident he did not have “possession” of the vehicle, and, “therefore, ELRAC’s attempt to broaden his common law indemnity liability through contract should not work” (cross movant’s reply affirmation, dated Oct. 5, 1999 7); and (2) plaintiff has waived its right to indemnity by settling the underlying claims, without consulting indemnitor defendant Salgado or defendant Cruz, and without tendering the defense to the latter’s insurer, Integon.
AMBIGUITY ISSUE
The court rejects cross movant’s first prong for dismissal based on a purported ambiguity. It is undisputed that cross movant defendant Cruz agreed to have codefendant Salgado named as an “additional driver” in the rental agreement with the following express representation:
“ADDITIONAL DRIVER — NONE PERMITTED WITHOUT ENTERPRISE’S APPROVAL
“I request Enterprise’s permission to allow Melissa Salgado who is under my control and direction to drive the rented vehicle for me and on my behalf. I am responsible for their acts while they’re driving, and for fulfilling terms and conditions of this agreement.
“Carlos Cruz [Signature].”
Defendant Cruz’s express agreement to be responsible for the vehicle and its operation, even when being operated by the additional driver, is unambiguous and enforceable (see, James v Frank's Vacuum Truck Serv., 231 AD2d 888).
INDEMNITY WAIVER ISSUE
Cross movant further argues as a basis for the dismissal of this action that plaintiff should be held to have waived any rights it had to indemnity by failing to tender the defense of the underlying claims to his insurer, Integon Insurance Company. In the words of counsel: “Indeed, by officiously settling the claim, ELRAC waived its right to be the secondary or excess insurer and waived its right to defense and indemnity.” (Cross movant’s supporting affirmation, dated Aug. 12, 1999 *526 27.) Unfortunately, both cross movant and movant failed to cite any guiding precedent on this issue.
Nevertheless, it is well settled that unless there is a specific provision therefor in the contract of indemnity, an indemnitee is not required to give to the indemnitor notice of claims against him (Conner v Reeves, 103 NY 527, 529-530; Bridgeport Fire & Mar. Ins. Co. v Wilson, 34 NY 275, 278-279; Baker v Northeastern Indus. Park, 73 AD2d 753, 754; Delaware & Hudson R. R. Corp. v Adirondack Farmers Co-op. Exch., 33 AD2d 962, 963; Feuer v Menkes Feuer, 8 AD2d 294, 298; Whitaker v Equitable Laundry Mach. Corp., 131 Misc 505, 506, affd 223 App Div 881). In the event such notice is given, the indemnitor may elect to defend the action, and will then be bound by the outcome on principles of res judicata (Oceanic Steam Nav. Co. v Campania Transatlantica Espanola, 144 NY 663). If, however, the indemnitor is given notice of the claim or proceed1 ing against the indemnitee and declines to defend, then the indemnitor is conclusively bound by any reasonable good-faith settlement the indemnitee may make or any litigated judgment that may be rendered against him (see, Shihab v Bank of N. Y., 211 AD2d 430; Baker v Northeastern Indus. Park, 73 AD2d 753, 754, supra; Feuer v Menkes Feuer, 8 AD2d 294, 299, supra). Under these circumstances, an indemnitee may recover based on its “potential liability,” and need not demonstrate “actual liability” by proving the elements of the underlying claim against it (Fashion House v K Mart Corp., 892 F2d 1076, 1094; Atlantic Richfield Co. v Interstate Oil Transp. Co., 784 F2d 106, cert denied 479 US 817). In other words, if sufficient notice was given, an indemnitor will have to show: (1) only “potential liability,” to wit: that the indemnitee could have been found liable at the trial of the underlying action; and (2) that the underlying settlement was reasonable and made in good faith (see, Goldmark Indus. v Tessoriere, 256 AD2d 306; Coleman v J.R.'s Tavern, 212 AD2d 568; Horn Constr. Co. v MT Sec. Serv. Corp., 111 AD2d 220).
On the other hand, if the indemnitee fails to notify the indemnitor, or having notified him, refuses to accept proffered assistance, he proceeds at his own risk (see, Chase Manhattan Bank v 264 Water St. Assocs., 222 AD2d 229, 231). There is a higher requirement on the part of the indemnitee to establish his right to reimbursement, based on “actual liability,” stemming from the fact that his action with regard to the claim is completely free of control by the indemnitor {see, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 79, at 147). In *527 such case, in order to recover reimbursement against the indemnitor, the indemnitee is required to show: (1) “actual liability,” to wit: (a) that the indemnitee would have been liable in the underlying action and (b) that there was no good defense to the liability; and (2) that the underlying settlement was reasonable and made in good faith (see, Chase Manhattan Bank v 264 Water St. Assocs., 222 AD2d 229, 231, supra; Kaye Assocs. v Libov, 139 AD2d 440; Feuer v Menkes Feuer, 8 AD2d 294, 299, supra; also see, Hendershot v Consolidated Rail Corp., 1998 WL 240495, 1998 US Dist LEXIS 6748 [SD NY, May 12, 1998, Jones, J.]).
CONCLUSION
Applying the law to the facts herein, the court finds that the subject rental agreement does not contain any provision requiring the indemnitee plaintiff to give the indemnitor defendants notice of claims against them. It further appears that plaintiff settled the underlying claims with the Piarellis without notifying the defendants herein or the insurer Integon of such claims and of the impending settlement. Given these circumstances, and upon review of the papers and evidence submitted in support of the motion and cross motion, the court denies the relief and cross relief requested by the parties. In the absence of a contractual notice requirement, plaintiff did not waive its right to indemnification. Nevertheless, since plaintiff admittedly failed to notify defendants or the insurer of the underlying claims prior to settlement, it had the burden in a summary judgment motion of making a prima facie showing of: (1) actual liability, to wit: that it would have been liable in the underlying action and that there was no good defense to the liability; and (2) that the underlying settlements, amounting to $8,000, were reasonable and made in good faith. Plaintiff failed to meet its burden, and therefore summary judgment is unwarranted (see, e.g., Incorporated Vil. of Freeport v Sanders, 192 AD2d 508).