■ MISCHA CUTHBERT, Plaintiff, v PHILIP PEDERSON et al., Appellants, and ELRAC, INC., Sued Herein as ENTERPRISE RENT-A-CAR COMPANY, Respondent. (And a Third-Party Action.) [698 NYS2d 254] —In an action to recover damages for personal injuries, the defendants Philip Pederson and BEM Systems, Inc., appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 19, 1998, which granted the motion of the defendant ELRAC, Inc., s/h/a Enterprise Rent-A-Car Company, for summary judgment on its cross claims against the defendant Pederson for contractual and common-law indemnification.

Ordered that the appeal by the defendant BEM Systems, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

A rental agreement between the defendant ELRAC, Inc., s/h/a Enterprise Rent-A-Car Company (hereinafter ELRAC), and the defendant Philip Pederson provided that Pederson, as lessee of the rental vehicle, would indemnify ELRAC for all claims arising out of the use of the rental vehicle. Pederson does not dispute that he rented the vehicle, that he was involved in an accident while driving the rental vehicle, or that a third party sustained damages as a result of the accident. There is no proof in this case that ELRAC violated CPLR 4544. Therefore, ELRAC is entitled to summary judgment on its cross claim for contractual indemnity (*see, ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417). Pederson's contention that ELRAC, as a self-insurer, is required to provide, at least, the minimum uninsured motorist insurance coverage pursuant to Vehicle and Traffic Law § 388 is without merit. Vehicle and Traffic Law § 388 was designed to protect injured persons (*see, Morris v Snappy Car Rental,* 84 NY2d 21, 27), and Pederson is not the injured person herein (*see, ELRAC, Inc. v Beckford, supra*; *ELRAC, Inc. v Rudel, supra*).

ELRAC is also entitled to summary judgment on its cross claim for common-law indemnification from Pederson (*see, Naso v Lafata,* 4 NY2d 585, 590; *ELRAC, Inc. v Beckford, supra*). ELRAC submitted evidence indicating that Pederson struck the rear-end of the plaintiff's vehicle while it was stopped. A rear-end collision with a stopped vehicle creates a prima facie case of negligence on the part of the driver of the moving vehicle, imposing a duty of explanation upon its driver (*see, ELRAC, Inc. v Beckford, supra*; *Barile v Lazzarini,* 222 AD2d 635). Pederson failed to submit a nonnegligent explanation.

Pederson's remaining contentions are without merit. Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.