■ ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Respondent, v GLADYS WARD, Appellant. [698 NYS2d 714] —In an action for indemnification, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Henry, J.), entered May 12, 1998, which, *inter alia,* granted the plaintiff's motion for summary judgment on the issue of contractual indemnification, denied her cross motion for summary judgment dismissing the complaint, and is in

favor of the plaintiff and against her in the principal sum of $2,073.99.

Ordered that the order and judgment is affirmed, with costs.

The defendant rented a vehicle from the plaintiff. The rental agreement provided that the defendant would indemnify the plaintiff for all claims arising out of the use of the rental vehicle. The defendant does not dispute that she was involved in an accident while driving the rental vehicle and that a third party sustained damages as a result. The plaintiff compensated the third party for its damages, and now seeks indemnification from the defendant.

Because the plaintiff seeks indemnification for sums it has actually paid to the third party, the policy underlying Vehicle and Traffic Law § 388 is not undercut by enforcement of the indemnification clause (*see, Morris v Snappy Car Rental,* 84 NY2d 21). Therefore, the plaintiff established entitlement to summary judgment on its second cause of action for contractual indemnification (*see, ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.