■ TRICIA WARD, an Infant, by Her Mother and Natural Guardian, PERSIA WARD, Plaintiff, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Defendant and Third-Party Plaintiff-Respondent, and DOUGLAS M. SEATON, Appellant. LESLIE SEATON, Third-Party Defendant-Appellant. [704 NYS2d 274] —In an action to recover damages for personal injuries, etc., the defendant Douglas M. Seaton and the third-party defendant, Leslie Seaton, appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated February 4, 1999, as granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment on the issue of contractual indemnification in the third-party action.

Ordered that the appeal by the defendant Douglas M. Seaton is dismissed, as that defendant is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is undisputed that the defendant Douglas M. Seaton was involved in a motor vehicle accident while operating a vehicle rented from the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car (hereinafter ELRAC), by the third-party defendant Leslie Seaton. The plaintiff, a pedestrian, allegedly sustained personal injuries as a result of the accident. A rental agreement between ELRAC and Leslie Seaton provided that Leslie

Seaton, as lessee of the rental vehicle, would indemnify ELRAC for all claims arising out of the use of the rental vehicle. Therefore, ELRAC is entitled to summary judgment on the issue of contractual indemnity (*see, ELRAC, Inc. v Ward,* 266 AD2d 500; *Cuthbert v Pederson,* 266 AD2d 255; *ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417).

Leslie Seaton's contention that ELRAC, as a self-insurer, is required to provide at least the minimum insurance coverage pursuant to Vehicle and Traffic Law § 388 and *Morris v Snappy Car Rental* (84 NY2d 21) is without merit. Because ELRAC seeks indemnification for sums it may become obligated to pay to the plaintiff, the policy underlying Vehicle and Traffic Law § 388 is not undercut by enforcement of the indemnification clause (*see, Morris v Snappy Car Rental, supra,* at 27; *Cuthbert v Pederson, supra*).

Leslie Seaton's remaining contentions are without merit. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.