OPINION OF THE COURT
Joseph N. Gamboi, J.
Defendant ELRAC, Inc. (ELRAC), doing business as Enterprise Rent-A-Car, moves for summary judgment as against co- *740 defendant Carlos Medina (Medina) on its cross claims for contractual and common-law indemnification. Medina opposes this relief and cross-moves for summary judgment against ELRAC on his cross claims as well as for a declaration that ELRAC is required to indemnify and defend Medina in the underlying action.
Plaintiff Nelson Gonzalez (Gonzalez) sues to recover for personal injuries arising out of an automobile accident which occurred on or about November 5, 1997. Gonzalez was a passenger in a car driven by Medina that was involved in an accident with a New York City Fire Department fire truck. Medina had rented the vehicle he was driving at the time of this accident from ELRAC in a contract dated October 28, 1997. The action was commenced with service of a summons and complaint on or about June 3, 1998. On or about August 26, 1998 ELRAC served its answer with cross claims.
On or about September 3, 1998, a separate action was commenced in the Nassau County Supreme Court by American Home Assurance Co. as insurer of Medina for declaratory judgment to the effect that ELRAC was obligated to defend and indemnify Medina in the present action. (See, American Home Assur. Co. v. ELRAC, Inc., Sup Ct, Nassau County, No. 23585/98.) Said demand for relief was submitted before the Honorable Bernard McCaffrey of the Nassau County Supreme Court on or about November 17, 1998. In a decision dated February 4, 1999, Justice McCaffrey dismissed the action before him and noted in his decision that ELRAC had contended in opposition to the request that it was entitled to common-law and contractual indemnification from Medina. The court cited to the Second Department cases of ELRAC, Inc. v Rudel (233 AD2d 417) and ELRAC, Inc. v Beckford (250 AD2d 725; cf., Griffin v Fun Jung La, 229 AD2d 468) for support.
On or about March 18, 1999, plaintiff submitted a motion before Justice Bernard McCaffrey to reargue its February 4, 1999 decision. On May 13, 1999, Justice McCaffrey issued the decision of the court granting request to reargue but adhering to its previous determination, again citing to Beckford and Rudel (supra).
In the present motion dated March 9, 1999, ELRAC contends that based on the language contained in the original rental agreement under which Medina rented the car involved in the accident it is entitled as a matter of law to contractual and common-law indemnification from codefendant Medina. Further, ELRAC relies upon the decision in the Nassau County *741 Supreme Court contending that Medina is estopped from opposing this motion for summary judgment. It cites to the cases of Rudel and Beckford (supra) and other similar Second Department decisions.[1]
Medina cross-moves for summary judgment seeking relief similar to that previously sought, but denied, by Justice McCaffrey. He argues that such a grant is proper as based upon his rights as a lessee of a vehicle from ELRAC under ELRAC’s 1997 certificate of self-insurance as governed by Vehicle and Traffic Law § 370 (3) and other related statutes.
At the outset, this court notes that summary judgment is an extraordinary form of relief and is only appropriate where the seeker has established that there is no remaining question of fact on the issue which would require a trial. (See, Andre v Pomeroy, 35 NY2d 361.) Once a prima facie case for summary judgment has been made out, an opposing party must establish by admissible evidence that a material question does remain necessitating a trier of the facts. A mere shadowy semblance of an issue or bald conclusory allegation, even if believable, is insufficient to defeat a motion for summary judgment. (See, Polanco v City of New York, 244 AD2d 322 [2d Dept 1997].)
Dealing first with Medina’s cross motion, his contention that the McCaffrey decision is not controlling, or a proper subject for estoppel, as it was not a final decision is now moot. The rendering of the second decision of the Nassau County Supreme Court, by which it granted motion for reargument, but adhered to the previous decision, negates the merits of this contention by Medina. There is no indication in the papers as submitted that an appeal of the ruling by Justice McCaffrey has been sought.
Medina’s further arguments in support of his demand for summary judgment are not persuasive to this court in light of the evidence presented by ELRAC opposing same. This includes language taken from the underlying car rental contract as entered into by Medina in which he apparently *742 waived indemnification by ELRAC and, indeed, apparently agreed to be responsible for the indemnification of the renting party, ELRAC. Further it is clear that the position of the Appellate Division, Second Department, is to uphold the validity and enforceability of the ELRAC indemnification provision as it appears in its standard car rental contract at issue in this case. (See, ELRAC, Inc. v Rudel, supra; ELRAC, Inc. v Beckford, supra; Gaudino v City of New York, 265 AD2d 298 [1999]; Cuthbert v Pederson, 266 AD2d 255 [1999]; Campbell v Annge, 260 AD2d 526 [1999]; Ward v ELRAC, Inc., 270 AD2d 254 [2000].)
Accordingly, ELRAC has presented sufficient admissible evidence, coupled with the legal interpretation of pertinent contractual language by our sister Appellate Division, Second Department, to establish that a material question of fact yet exists which renders Medina’s demand for summary judgment on his cross claims inappropriate. As such, Medina’s cross motion for summary judgment is denied.
However, upon careful review of the papers as submitted and the present state of the law, the court finds, as regards the summary judgment motion of ELRAC for contractual and common-law indemnification as against Medina, the position of our own Appellate Division, First Department, has not yet reached the same legal conclusions made in the Second Department as to the enforceability of the indemnification clauses in the car rental agreement. Indeed, it is clear that the Fourth Department has decided the same question as posed here in an opposite manner.[2] A search of the present law shows that neither the New York Court of Appeals nor the First Department has determined a conclusive answer to the question posed.[3] Therefore, this court finds that based on the admissible evidence as adduced, a material question yet remains in this, the First Department of the Appellate Division, as to the enforceability of ELRAC’s indemnification clause as against Medina. Accordingly, ELRAC’s motion for summary judgment must, and is, also denied at this juncture.
*743 In so deciding, this court is mindful of the decision of our own First Department in Matter of Midwest Mut. Ins. Co. v Pisani (250 AD2d 512, 513 [1998]), which held that an out-of-State insurance policy, written by a company authorized to do business in the State of New York “ ‘is required to conform to New York minimum financial requirements and, if not, is deemed to do so.’ (Matter of Allstate Ins. Co. [Ramos], 234 AD2d 41; Insurance Law § 5107 [a]; 11 NYCRR 65.5).”
In summary, the motion of ELRAC and cross motion of Medina for summary judgment are both denied.

. ELRAC points out that the Nassau County decision contains language from the court to the effect that “Mr. Medina is contractually obligated to defend and indemnify [ELRAC’s] interest [in the accident].” However, this court points out that such a finding goes beyond the boundaries of the motion as brought before the Nassau County Supreme Court which dealt only with a proposed declaratory judgment as to ELRAC’s obligations to Medina. As such, that portion of the decision is merely dicta and not controlling on this court.

. See, Government Empls. Ins. Co. v Chrysler Ins. Co., 256 AD2d 1212 (4th Dept 1998).

. When faced with a similar situation in Worldwide Ins. Co. v U.S. Capital Ins. Co. (181 Misc 2d 480 [Sup Ct, NY County 1999]), Justice Weiss-berg concluded that the Fourth Department was correct in its conclusions that a car rental agency was precluded from enforcing an agreement which denied insurance coverage to the renter up to the statutory amount. (Supra, at 485.)