■ ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Appellant, v AMERICAN HOME ASSURANCE COMPANY et al., Respondents. [710 NYS2d 91] —In an action for a judgment declaring, *inter alia*, that the defendants are obligated to indemnify the plaintiff for a settlement paid to third parties for personal injuries and property damage as a result of an automobile accident with the defendant Sergio Sabaris, s/h/a Sergio Gabaris, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 12, 1998, which, in effect, granted the motion of the defendant American Home Assurance Company and the cross motion of the defendant Sergio Sabaris for summary judgment declaring that they are not obligated to indemnify the plaintiff, and denied its cross motion for summary judgment declaring that the defendants are so obligated.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the cross motion of the defendant Sergio Sabaris and substituting therefor a provision denying that cross motion, and (2) deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment declaring that the defendant Sergio Sabaris has a duty to indemnify the plaintiff and substituting therefor a provision granting that branch of the

plaintiff's cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted. to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Sergio Sabaris is obligated to indemnify the plaintiff for the settlement paid to the third parties in the underlying automobile accident and that the defendant American Home Assurance Company is not so obligated.

This Court has consistently held that the indemnification clause in the rental agreement at issue is valid and enforceable (*see, Ward v ELRAC, Inc.,* 270 AD2d 254; *ELRAC, Inc. v Ward,* 266 AD2d 500; *Federal Ins. Co. v ELRAC, Inc.,* 262 AD2d 276; *Cuthbert v Pederson,* 266 AD2d 255; *ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417). Contrary to the defendants' contentions, the plaintiff is not the primary insurer of the renter of its vehicle (*see, Federal Ins. Co. v ELRAC, Inc., supra*), and therefore, the anti-subrogation rule does not apply. Accordingly, the plaintiff is entitled to contractual indemnification from the defendant Sergio Sabaris. However, the plaintiff is not entitled to contractual indemnification from the defendant American Home Assurance Company, since there was no contractual relationship between them.

The defendants' remaining contentions are either unpreserved for appellate review or are without merit. Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.