■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v ELRAC, INC., Also Known as ENTERPRISE RENT A CAR COMPANY, et al., Respondents. [709 NYS2d 593] —In an action for a judgment declaring, *inter alia*, that the defendant ELRAC, Inc., d/b/a Enterprise Rent A Car Company, is required to provide a defense and primary insurance coverage to the plaintiff's insured, the defendant Carlos Medina, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 4, 1999, which granted the motion of the defendant ELRAC, Inc., d/b/a Enterprise Rent A Car Company, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it and, in effect, denied its cross motion for summary judgment against ELRAC, Inc., d/b/a Enterprise Rent A Car Company, and (2), as limited by its brief, from so much of an order of the same court, dated May 13, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated February 4, 1999, is dismissed, as that order was superseded by the order dated May 13, 1999, made upon reargument; and it is further,

Ordered that the order dated May 13, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant ELRAC, Inc., d/b/a Enterprise Rent A Car Company, is awarded one bill of costs.

This Court has consistently held that the indemnification provision found in this case is valid and enforceable (*see, Ward*

*v ELRAC, Inc.,* 270 AD2d 254; *ELRAC, Inc. v Ward,* 266 AD2d 500; *Federal Ins. Co. v ELRAC, Inc.,* 262 AD2d 276; *Cuthbert v Pederson,* 266 AD2d 255; *ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417). Additionally, this Court has held that, under identical facts as presented in this case, the defendant, ELRAC, Inc., d/b/a Enterprise Rent A Car Company (hereinafter ELRAC), has no obligation to defend or provide primary insurance for the lessee of one of its vehicles (*see, Federal Ins. Co. v ELRAC, Inc., supra*).

The plaintiff contends that the indemnification provisions of the ELRAC rental agreement are unenforceable because the print is smaller than required by CPLR 4544. However, the plaintiff failed to submit sufficient evidence in support of its cross motion for summary judgment to establish that CPLR 4544 is applicable to this case. CPLR 4544 applies to consumer transactions which are "primarily for personal, family or household purposes". There is no evidence in the record that the defendant Carlos Medina rented the ELRAC vehicle for such purposes.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.