■ ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Respondent, v AMNODIA MASARA et al., Appellants. [720 NYS2d 517] —In an action, *inter alia,* for indemnification, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated February 9, 2000, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the complaint, and (2) a judgment of the same court, dated March 3, 2000, which is in favor of the plaintiff and against them in the principal sum of $10,086.69.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A rental agreement between the plaintiff, ELRAC, Inc., d/b/a Enterprise Rent-A-Car (hereinafter ELRAC), and the defendant Amnodia Masara provided that Amnodia Masara, as lessee of the rental vehicle, would indemnify ELRAC for all claims arising out of the use of the rental vehicle. Amnodia Masara does not dispute that she rented the vehicle, that the rental vehicle was involved in an accident, and that a third party sustained damages as a result of the accident. Therefore, ELRAC is entitled to summary judgment on its cause of action for contractual indemnity (*see, ELRAC, Inc. v Beckford,* 250 AD2d 725; *ELRAC, Inc. v Rudel,* 233 AD2d 417).

The defendants' remaining contentions are either not properly before this Court or without merit. O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.