Castaneda v Serrano (2024 NY Slip Op 51036(U))

[*1]

Castaneda v Serrano

2024 NY Slip Op 51036(U)

Decided on August 12, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
Supreme Court, Kings County

Debra Castaneda and RICHARD SERRANO, Plaintiff,

against
Ralph Serrano, CINDY CRUZ individually And heir of Gladys Nova and 
 DINAH ELMADOLAR Individually and heir of Gladys Nova, Defendants.

Index No. 510656/2023

Appearances at oral argument and numbered papers used on this motion:
Auciello Law Group, Brooklyn (Anthony J. Auciello of counsel), for Plaintiffs (NYSCEF Document Numbers 25-28, 32-34).
Levin Law Group, Brooklyn (Christopher Fromme of counsel) for Defendant Ralph Serrano

Aaron D. Maslow, J.

Jean-François Champollion
Jean-François Champollion (1790-1832), a younger contemporary of Napleon Bonaparte, was a French philologist and Egyptologist credited with having deciphered ancient hieroglyphics through translation of the Rosetta Stone. It was Bonaparte who stimulated European interest in Egyptology during his expedition there. In 1822, Champollion published his decipherment of the Rosetta Stone hieroglyphics. (See Jean-François Champollion, Wikipedia, available at 
https://en.wikipedia.org/wiki/Jean-Fran%C3%A7ois_Champollion [last accessed Aug. 11, 2024].)
Unfortunately, despite 21st century technological advances, this Court has been confronted on various occasions with documents submitted on motions which could use the assistance of a Champollion to decipher.

 Introduction
The instant action concerns the issue of who owns the Brooklyn property located at 585 Barbey Street. As alleged by Plaintiffs Debra Castaneda and Richard Serrano, by deed dated November 27, 1982, non-party Gladys Nova purchased the property; the deed embodying the transfer to Gladys Nova was recorded on December 16, 1982. Defendant Ralph Serrano and Gladys Nova maintained a non-marital relationship. Plaintiffs, the children of Ralph Serrano, while not being the issue of Gladys Nova, maintained a close relationship with the latter. On November 6, 1984, Gladys Nova transferred 25% of the property to each of the two Plaintiffs, who were then minors; the deed was recorded on November 8, 1984. This resulted in the property being owned 50% by Nova, 25% by Plaintiff Deborah Serrano (now Deborah Castaneda), and 25% by Richard Serrano. Nova had told Plaintiffs many times over the years about this transfer to them. Gladys Nova died on January 14, 2023, perhaps without a will. (See NYSCEF Doc No. 26 ¶¶ 7-14.)
It is further alleged by Plaintiffs that on October 16, 1985, without seeking a court order, Defendant Ralph Serrano improperly and fraudulently forged Plaintiffs' signatures on a deed which transferred the subject property from them and Gladys Nova to himself (50%) and Gladys Nova (50%). At that time, Plaintiff Richard Serrano was still a minor and Plaintiff Debra Castaneda was on her honeymoon. (See id. ¶ 16-18.)
Each of the two Plaintiffs claims a 25% interest in the property, which would be co-owned by Defendants Cindy Cruz and Dinah Elmadolar, the latter two being children of Gladys Nova and each owing 25% (see id. ¶¶ 8, 25).
The within motion is one for summary judgment pursuant to CPLR 3212, "seeking a declaratory judgment that each plaintiff is a 25% owner of the premises known as 585 Barbey Street, Brooklyn, NY, that the deed dated October 16, 1985 is void, constructive trust, fraud, conversion and partition; and for such other different and further relief as this Court may deem just and proper" (NYSCEF Doc No. 25 [syntax in original]).
In support of their motion, Plaintiffs appended counsel's affirmation and Plaintiffs' affidavits (see NYSCEF Doc Nos. 25-28). Between the affirmation and the affidavits, there are various documents previously e-filed which are referenced: summons and complaint (NYSCEF Doc No. 1), notice of pendency (NYSCEF Doc No. 2), affidavits of service (NYSCEF Doc No. 3), CPLR 3215 notices (NYSCEF Doc No. 4), court order (NYSCEF Doc No. 17), stipulation (NYSCEF Doc No. 24), answer (NYSCEF Doc No. 23), 1984 deed (NYSCEF Doc No. 13), 1985 deed (NYSCEF Doc No. 15), driver licenses (NYSCEF Doc No. 14), and marriage license (NYSCEF Doc No. 22).

Failure to Comply with IAS Part 2 Rules
On a more prosaic level, Plaintiff's motion submission is violative of IAS Part 2's rule requiring that previously e-filed documents be submitted as exhibits on a motion rather than being incorporated by reference: "Where reference is made to a previously electronically-filed [*2]document, said document must be submitted as an exhibit on the motion (see Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023])" (IAS Part 2 Rules, Part II, Subpart B, § 19 ["Previously electronically-filed documents"], available at 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml
[last accessed Aug. 11, 2024]). "This rule is in place because resubmitting previously filed documents enhances the court's ability to determine a motion, and it should not be the court's burden to sift through NYSCEF to locate referenced documents" (Thompson v Doe, 83 Misc 3d 1246[A], 2024 NY Slip Op 50930[U], *3 [Sup Ct, Kings County 2024]). It should not be the Court's responsibility to hop around metaphorically like a rabbit on the NYSCEF landing page for a case to locate documents here and there which are referred to. The documents relied on should be uploaded in sequential fashion so that they are all contiguous and the Court can read them in the order of their appearance.
CPLR 2214 (c) provides that "[t]he moving party shall furnish all other papers not already in the possession of the court necessary to the consideration of the questions involved. Except when the rules of the court provide otherwise, in an e-filed action, a party that files papers in connection with a motion need not include copies of papers that were filed previously electronically with the court, but may make reference to them, giving the docket numbers on the e-filing system. . . . Only papers served in accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct." This CPLR provision delegates to individual courts to determine whether documents previously e-filed must be resubmitted.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 [*3]Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
In light of Plaintiffs' noncompliance with IAS Part 2's rule governing previously e-filed documents, the Court shall deny the within motion.

Submission of Hieroglyphic-Type Document
In any event, NYSCEF Document Number 15, purporting to be a copy of the fraudulent and forged October 16, 1985 deed and incorporated by reference in Plaintiff's motion papers, would probably be the most crucial document referenced by Plaintiff but for the fact that it is a poor reproduction. The document dates from the days of preprinted forms which contained spaces in which the particular information specific to the transaction was to be typed or handwritten. The preprinted text is blurry enough such that various words are difficult to read. More inscrutable however are the portions either typed or handwritten. Dates and names in the body of the deed are not visible. The addresses of the parties and the metes and bounds description of the property venture into hieroglyphics which probably would challenge Champollion more so than those he translated. On the second page, either missing or so faint as to be impossible to read are the county, date, month, year, and name of signatory in the acknowledgments. There appear to be two acknowledgments although the deed was purportedly signed by three people.
In the context of contracts, it was observed and held as follows:
"The portion of any printed contract or agreement involving a consumer transaction . . . where the print is not clear and legible . . . may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement . . . ." C.P.L.R. §4544. Thus, if the contract in question involved a consumer transaction, any unclear or illegible terms would not be admissible evidence. Here, however, the parties were engaged in a business transaction. Id.; American Home Assur. Co. v. ELRAC, Inc., 273 AD2d 330, 331 (2d Dep't 2000) Therefore the court must look to other principles governing the admissibility, construction, and enforceability of contracts.
To form an enforceable contract, parties must mutually assent to the contract terms. Express Indus. & Term. Corp. v. New York State Dept. of Transp., 93 NY2d 584, 589-90 (1999); Martin Delicatessen v. Schumacher, 52 NY2d 105, 109 (1981); Spectrum Research Corp. v. Interscience, Inc., 242 AD2d 810, 811 (3d Dep't 1997). Absent the parties' mutual assent to each of the contract's essential terms, the parties may not bind one another to those terms. Express Indus. & Term. Corp. v. New York State Dept. of [*4]Transp., 93 NY2d at 590; Martin Delicatessen v. Schumacher, 52 NY2d at 109.
Surprisingly, no New York decisions determine whether illegible terms of contracts not governed by C.P.L.R. §4544 are binding. Deciding this issue for the first time, the court concludes that if contract terms are illegible, mutual assent to those terms, a necessary element of a binding contract, is impossible. To bind a party by terms in a document, he must assent to them, and assent requires readability, either by the party to be bound, here defendant Frazier, or by another party reading the terms to Frazier. Express Indus. & Term. Corp. v. New York State Dept. of Transp., 93 NY2d at 590; Martin Delicatessen v. Schumacher, 52 NY2d at 109. See, e.g., Gozan v. Mutual Life Ins. Co. of NY, 40 NY2d 707, 711 (1976).
Similarly, a party seeking to enforce the contract, here plaintiff, cannot establish the terms to be enforced unless the factfinder can read the document to "decipher the . . . meaning." Express Indus. & Term. Corp. v. New York State Dept. of Transp., 93 NY2d at 590. For a contract to be enforceable, "it must be sufficiently certain . . . so that what was promised can be ascertained." Martin Delicatessen v. Schumacher, 52 NY2d at 109. An unreadable contract is uncertain; what was promised is unascertainable. If the court were to enforce such a contract, it would be imposing one party's conception of what the other party undertook or the court's own guesswork, when the law limits enforcement to the definite terms of a mutual undertaking that both parties bargained for and committed to. Id.
. . .
Therefore, if the part of the agreement that plaintiff maintains is Frazier's personal guarantee is illegible, plaintiff cannot enforce that part of the agreement. To hold otherwise would render meaningless the fundamental requirement for mutual assent to contract terms.
. . .
Whether that part of the agreement providing a personal guarantee by Frazier is legible, as plaintiff maintains, or illegible, as defendant maintains, is a factual issue that the court may not determine via summary judgment. Gozan v. Mutual Life Ins. Co. of NY, 40 NY2d at 710. While the court finds that the copy plaintiff presents for summary judgment purposes is illegible, thus failing to establish a prima facie breach of contract, plaintiff may be able to produce a legible original at trial. Burt Millwork Corp. v. Irpinia Constr. Corp., 173 AD2d 433, 435 (2d Dep't 1991); Beckman Instruments, Inc. v. Cohoes Mem. Hosp., 102 AD2d 937 (3d Dep't 1984).
. . .
In light of the factual issue as to whether the disputed contractual terms are legible, neither party has conclusively established entitlement to summary judgment. The court therefore denies both parties' motions for that relief. C.P.L.R. §3212(b). This decision constitutes the court's order. (American Bldg. Supply Corp. v Frazier Builders Corp., 2002 NY Slip Op 40478[U], *4-9 [Civ Ct, NY County 2002].)
"Where records are illegible or, as here, comprehensible only to the creator, the probative value is minimal or nonexistent (see generally, 30 Am Jur 2d, Evidence, § 936; Campbell v. Manhattan & Bronx Surface Tr. Operating Auth., 81 AD2d 529)" (Wilson v Bodian, 130 AD2d 221 [2d Dept 1987] [medical malpractice action]). In another case where a doctor's records were [*5]largely illegible, Mussari v Mussari (211 AD3d 1619 [4th Dept 2022] [summary judgment on issue of serious injury threshold denied to defendants]), their probative value was held to be minimal or nonexistent. Illegible documents warranted denial of movants' motions in other contexts as well (e.g. South Point, Inc. v John, 140 AD3d 1150 [2d Dept 2016] [illegible notary signature on affidavit of service warrants denial of motion for default judgment]; Shah v Shah, 215 AD2d 287 [1st Dept 1995] [illegible deed submitted on motion to dismiss complaint]; Cronin v Cronin, 158 AD2d 447 [2d Dept 1990] [illegible handwritten time records submitted on motion for counsel fees]; Ally Financial Inc. v Saint-Jean, 36 Misc 3d 1241[A], 2012 NY Slip Op 51789[U] [ Sup Ct, Kings County 2021 [illegible contract precludes granting default judgment]).
"It is not the Court's obligation to decipher illegible documents or to guess as to what the meaning of the 'shorthand' entries contained therein mean" (John Hancock Life Ins. Co. of NY v Hirsch, 24 Misc 3d 1214[A], 2009 NY Slip Op 51450, *6 [Sup Ct, Westchester County 2009]). Likewise, this Court should not have to struggle to decipher the hieroglyphics-like illegible entries on the crucial deed in order to assess Plaintiffs' motion for summary judgment. Unlike Jean-François Champollion, this Court lacks the talent to decipher the inscrutable components of a document nor should it be put to the test as to whether ultimately it meets the challenge. Plaintiffs' arguments depend upon the submission of at least a readable copy of the deed they claim to be forged and fraudulent. In the absence of such, their motion cannot be granted.
On previous occasions this Court was confronted with illegible documents submitted in support of motions. Oral decisions citing this factor as the basis for denying the motions were read into the record. In the case at bar, the Court feels compelled to bring the situation to the attention of the Bar in a written decision. Hopefully, counsels moving for relief before this Court in the future will review submitted documents to ensure that legible copies only are submitted.

 Conclusion
Accordingly, it is hereby ORDERED that Plaintiffs' motion for summary judgment against Defendants is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York