Abraham J. Multer, J.
Defendant’s motion to vacate its default in service of admissions requested by the plaintiff is denied unless the defendant complies with the conditions set forth herein.
The court ignores the question of late service of the ‘ ‘ verified answer ” to the request, late service of the plaintiff’s “ papers in opposition” to the motion and “timely” return of the “verified answer”. In order to .save the time of the court and the attorneys which may otherwise be spent in further motions, the court addresses itself to the merits of the question presented.
CPLR 3123 is intended to narrow the issues and save the time of the court and litigants. Pleadings and bills of particulars are all too frequently verified by persons who have no knowledge sufficient to form a belief or who assert they have information sufficient to form a belief and as often as not the “ verifier ” is never called as a witness on the trial. That type of denial is much too often captious though legal.
We must therefore give force to the legislative direction, not that a verified answer be served to a request to admit, but that the party submit a sworn statement admitting or denying the fact and set forth the reasons why the affiant cannot answer, if that be so.
The tenor of the entire section and its history clearly indicate the requirement of a bona fide answer and not the use of the shield of either “information and belief” or “denial of knowledge sufficient to form a belief ’ ’.
Unlike verification of pleadings, there is no permission granted by CPLR 3123 for an attorney to make the statement. If the client or other person with knowledge is out of the county of the attorney’s office or even in a foreign country, there is provision to get ample time to obtain the sworn statement from whomever it must come.
The court does not overlook those few cases permitting an attorney’s verification of the statement required by this section. This court respectfully disagrees with that interpretation of the section. (There appears to be no appellate court case on the subject.) They fall into the same error as this defendant when his attorney says in the “ answer ” verified by him that *969 “ the matters are controversial and require proof at the trial and are not the proper subject of a notice to admit.” The items are the proper subject of a notice to admit. It is exactly because the defendant’s answer makes these matters controversial that CPLB 3123 is brought into play in order to take them out of controversy.
The matter of defendant’s employee’s operation and control of the vehicle in question is one about which “ there can be no substantial dispute ” and “ which are within the knowledge of such party ”, the defendant herein, and they “ can be ascertained by him upon reasonable inquiry.” The defendant can either admit them or positively and unequivocally deny them. The fact that defendant’s alleged employee, named in the complaint, is claimed to be no longer the defendant’s employee and cannot be found by him is no reason to put the plaintiff to proof on a trial of matters peculiarly within the defendant’s knowledge and which the defendant in effect now says he cannot contradict.
Defendant may properly respond that it has a right to insist on that procedure. So it is. But then it should have complied in the first instance with the procedure that would have preserved that right. Defendant did not act timely and worse, it served an answer verified by an attorney and not a sworn statement of the party.
As a condition of relieving defendant of its default, it may serve a sworn statement admitting or denying the truth of matters set forth in the plaintiff’s request or notice to admit dated December 11, 1968 within 10 days after service of a copy of the order to be entered herein with notice of entry thereof. Said sworn statement shall be sworn to by an officer of the defendant corporation or someone having knowledge of the facts, and not by anyone on information and belief or who denies having knowledge sufficient to form a belief. If such statement repeats the denials of operation or control, plaintiff should apply for an order directing an immediate trial of that issue.