Memorandum. Although the existence of the plaintiff husband’s prior marriage, continuing at the time of his marriage to defendant wife, is admitted in his pleading in this action, the prior adjudication in the wife’s action for a separation is a determination directly binding on these parties that the present marriage is legally valid (Statter v. Statter, 2 N Y 2d 668). The determination by the prior judgment would serve to defeat this kind of action for tort based on fraud. The husband did not plead the res judicata effect of the prior judgment in defense of the defendant wife’s counterclaims for damages for fraud based on the legal disability of the husband to contract this marriage, but he did plead the payment by him and the acceptance by the wife of alimony and both the trial court and the Appellate Division found there had been a decree of separation between the parties and the payment of alimony. On such a record the conclusion of the Appellate Division that defendant had not sustained damages from fraud when she entered into this presently valid marriage seems justified. Moreover, the Appellate Division is right in holding that defendant’s counterclaims are barred by the Statute of Limitations.
The order should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed, without costs, in a memorandum.