■ MARINE MIDLAND BANK, N. A., et al., as Executors of WILLIAM L. DOERFLINGER, Deceased, Appellants, v STEPHEN G. CUSTER, Respondent. — Order unanimously reversed, without costs, and plaintiffs' motion granted. Memorandum: Plaintiffs, executors of the estate of William L. Doerflinger, appeal from an order denying their motion for summary judgment and granting defendant's cross motion dismissing their complaint as barred by the Statute of Limitations. The action is on a demand note dated July 9, 1974 made by defendant and given to William L. Doerflinger. In opposing defendant's claim that the action was time barred, plaintiff asserted that the debt had been revived by a letter dated January 15, 1981 allegedly signed by defendant (by placing the initial "S" over the typewritten name "Stephen Custer") stating: "As per our recent telephone conversation, I have carefully reviewed the notes that you enclosed in your letter of November 17, 1980. The six smaller notes total $57,225.73. The note dated July 7, 1974, is the sum of these notes plus $5945.34 in interest charges. The total as shown on that note is $63,171.07. This is the amount owing the Doerflinger Estate. If you should have any further questions, please feel free to contact me." Special Term found the letter insufficient to revive the debt so as to take it out of the bar of the limitations period pursuant to section 17-101 of the General Obligations Law for two reasons: first, that the letter was not signed, and second, that, in any event, the letter did not say that the defendant admitted the debt. We disagree on both points. The requirement (General Obligations Law, § 17-101) that the acknowledgment be signed (see General Construction Law, § 46) by the party to be charged was established by defendant's failure to reply to the notice to admit pursuant to CPLR 3123 requesting that defendant admit within 20 days the following fact: "that the signature of 'Stephen Custer' as writer of the letter annexed hereto and made a part hereof as Exhibit A is the genuine signature of Defendant STEPHEN G. CUSTER". The genuineness of defendant's signature was a clear-cut matter of fact which could be admitted or denied, and defendant failed to respond to it at his peril (see *Marine Midland Bank v Bryce,* 70 AD2d 754; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3123:1, p 602). Moreover, the letter amounts to a clear recognition of the claim as one presently existing and thus would constitute a sufficient acknowledgment under section 17-101 of the General Obligations Law (see *Matter of Steele,* 262 App Div 938, affd 289 NY 716; *Lincoln-Alliance Bank & Trust Co. v Fisher,* 247 App Div 465). The record contains no triable

issue concerning the authority of Chester Welch, the addressee of the letter, to receive it in his capacity as attorney and agent for the Doerflinger estate. No other defenses to the action on the debt are raised. It was error, therefore, to grant defendant's cross motion and to deny plaintiffs' motion for summary judgment. (Appeal from order of Supreme Court, Genesee County, Ricotta, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.