OPINION OF THE COURT
Daniel Palmieri, J.
Plaintiff’s motion for summary judgment as to its claim of contractual indemnification is granted in the amount of $15,215 and denied as to its claim for common-law indemnification.
The uncontroverted moving papers disclose that plaintiff rented a motor vehicle to defendant pursuant to a written agreement, the vehicle was involved in a traffic accident with another vehicle while driven by a person other than the defendant who was not named as an authorized driver under the *831 rental agreement and as a result of the accident, plaintiff as the owner of the rented vehicle paid $15,215 to the injured occupants of the other vehicle.
The moving papers do not allege that either defendant or the driver of the rental vehicle was negligent, and hence in this motion plaintiff is relying on the contractual indemnification provisions of the rental contract.
The rental agreement provided in substance that (a) defendant as the renter will indemnify plaintiff owner from all claims of third parties irrespective of whether or not the renter maintained insurance, (b) the owner did not provide any insurance coverage to the renter and that the renter is to provide insurance for liability to third parties, and (c) only those drivers who are authorized under the agreement would be covered by optional supplemental liability protection.
Defendant’s response consists of an affirmation by his attorney contending that the motion should be denied because discovery is not complete, the terms of the rental agreement are in dispute, and that certain factual items requested in plaintiffs notice to admit were denied. All of these contentions are lacking in merit.
Where, as here, a moving party has made a prima facie showing of entitlement to relief, the party opposing the motion must produce evidentiary proof to establish the existence of material issues of fact. (Boz v Berger, 268 AD2d 453 [2d Dept 2000].)
Bare conclusory or speculative allegations or the belief that additional discovery might reveal something helpful is not a basis for denial of summary judgment (Cooper v Milton Paper Co., 258 AD2d 614 [2d Dept 1999]) and a party must lay bare their proof. (Federal Deposit Ins. Corp. v Jacobs, 185 AD2d 913 [2d Dept 1992].)
It is well settled that an opposing affidavit in a summary judgment motion should indicate that it is being made by one having personal knowledge of the facts and that an affidavit of an attorney is of no probative value in opposing a summary judgment motion. (Marinelli v Shifrin, 260 AD2d 227 [1st Dept 1999].) This defect can be obviated, by the inclusion of other evidentiary proof in admissible form such as documentary evidence. (Bahlkow v Greenberg, 185 AD2d 829 [2d Dept 1992].)
Moreover, although this court does not find any ambiguities in the rental agreement, and if there were any, they are resolvable within the agreement itself. Summary judgment is not limited to cases where a contract is free from ambiguity and *832 not subject to differing interpretations and where the ambiguity or equivocality is resolvable without reference to extrinsic evidence, the issue may be determined by the court as a question of law; however, if a determination of the intent of the parties depends on extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is for the trier of fact. (Hudson-Port Ewen Assocs. v Chien Kuo, 165 AD2d 301, 303 [3d Dept 1991], affd 78 NY2d 944 [1991].) Here, the rental agreement contains on its face a large box with capital lettering and room to insert the name and certain other information as to any additional driver. This box was left empty in the rental agreement and thus there is no support for the defendant’s contention that there is a factual dispute on this issue.
The parties have disputed the weight to be given to the defendant’s response to the plaintiff’s notice to admit, which was answered by the defendant’s attorney. CPLR 3123 provides that a response to a notice to admit must be made in the form of a sworn statement by the party to whom the request is directed. A notice to admit is to be used only for disposing of uncontroverted questions of fact or those that are easily provable. (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6 [1st Dept 2000].) A failure to respond to a notice to admit, even where counsel responded by letter with essentially the same information, has been found to constitute admission of the noticed facts (Watson v City of New York, 178 AD2d 126 [1st Dept 1991]) and it has been said that a person acts at his/her peril in failing to respond to clear cut matters of fact. (Marine Midland Bank v Custer, 97 AD2d 974 [4th Dept 1983].)
A response to a notice to admit which was unsworn and not signed has been considered a nullity. (Matter of Johnson v Town of Haverstraw, 102 Misc 2d 923 [Sup Ct, Rockland County 1980].)
Earlier cases have held that a response may be verified by an attorney (Matter of Weill, 35 Misc 2d 64 [Sur Ct, Nassau County 1962]; Seidenberg v Rosen, 114 NYS2d 279 [Sup Ct, NY County 1952]); however, unlike verification of pleadings, there is no permission granted by CPLR 3123 for an attorney to make the statement. (Barnes v Shul Private Car Serv., 59 Misc 2d 967 [Sup Ct, Kings County 1969].)
Commentaries have taken mixed views. One treatise states the statement must come from a person with knowledge of the facts requested (7C Carmody-Wait 2d, NY Prac § 53:15, citing Barnes v Shul Private Car Serv., supra). Others have advised *833 that it is almost always preferable to have the client respond (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3123:6, at 716) and it has been offered that verification may be made by any person who could have verified a pleading under CPLR 3020 (d). (6 Weinstein-Korn-Miller, NY Civ Prac 3123.08, citing Weill, supra, and Seidenberg v Rosen, supra.)
However, the argument that the court should apply the same rule as for verification of a pleading fails because a notice to admit is not a pleading but a discovery device (CPLR 3102 [a]), the purpose of which is to discover evidence (CPLR 3101 [a]) and CPLR 3123 (a) requires either a sworn statement of denial or sworn reasons why the respondent can neither deny nor admit the requested facts. Clearly the section contemplates that the response be more expansive than a pleading and thus the measure of what constitutes compliance should also be greater than that which is necessary to verify a pleading.
Moreover, the circumstances which permit the verification of a pleading by an attorney are specifically limited and circumscribed by CPLR 3020 (d) (1), (2) and (3). In this case, the response to the notice to admit is not even verified and no attempt has been made in the defendant’s answering papers to explain why the response was made by an attorney in an unsworn format. Further, the responses here are palpably inappropriate in that they are vague and lacking in specifics and follow the format of denials in a responsive pleading. For example, the response denies that the rental vehicle was involved in an accident, denies the name of the operator of the vehicle, and denies that the annexed rental agreement is a true copy.
While the court is not prepared to state that an attorney may never answer a notice to admit, an attorney should only be permitted to do so if the attorney has knowledge of the facts or if the answers are based on documentary evidence, in the same manner as an attorney having such knowledge or using such documentary evidence may do so in a motion for summary judgment. (Marinelli v Shifrin, supra.) Here neither the answering papers nor the response to the notice to admit gives any basis for the responses by the attorney or any reasons why the response is not made by the party and thus the response is considered a nullity and the facts sought to be admitted are deemed admitted.
However, even if the response was not considered a nullity and the facts are deemed denied, the defendant has failed on *834 this motion to come forward and dispute any of the material facts which form the bases for the cause of action. As to the claim of contractual indemnification, courts have consistently held that the indemnification clause in rental agreement, such as the rental agreement in this case is valid and enforceable (ELRAC, Inc. v American Home Assur. Co., 273 AD2d 344 [2d Dept 2000]) and that discovery as to plaintiffs self-insured status is not a prerequisite to the granting of this motion (Cuthbert v Pederson, 266 AD2d 255 [2d Dept 1999]; Gaudino v City of New York, 265 AD2d 298 [2d Dept 1999]).
However, plaintiff is not entitled to summary judgment on its cause of action for common-law indemnification since it has failed to make any showing of negligence on the part of defendant. (ELRAC, Inc. v Rudel, 233 AD2d 417 [2d Dept 1996]; cf., ELRAC, Inc. v Beckford, 250 AD2d 725 [2d Dept 1998].)
For all of the foregoing reasons, plaintiff is awarded judgment on its cause of action for contractual indemnification for $15,215.