DELPHINE LAMENI, Appellant, v VERIZON et al., Respondents, et al., Defendants. [823 NYS2d 679]—In an action to recover

damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 15, 2004, which granted the motion of the defendants Verizon New York, Inc., sued herein as Verizon, Bell Atlantic, New York Telephone Company, and NYNEX, and Leanthony Meeks for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and (2), as limited by her brief, from so much of an order of the same court dated May 9, 2005, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 15, 2004 is dismissed, as that order was superseded by the order dated May 9, 2005, made upon reargument; and it is further,

Ordered that the order dated May 9, 2005 is reversed insofar as appealed from, on the law, upon reargument, the order dated November 15, 2004 is vacated, and the motion for summary judgment dismissing the complaint insofar as asserted against the respondents is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The respondents failed to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Connors v Flaherty*, 32 AD3d 891 [2006]). Accordingly, the Supreme Court should have denied their motion for summary judgment dismissing the complaint insofar as asserted against them. In light of the foregoing, we need not consider the sufficiency of the papers submitted in opposition (*see Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]). Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.