BIBI UMAR, Appellant, v JUNE OHRNBERGER, Respondent, et al., Defendant. [846 NYS2d 612]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated June 21, 2006, as granted that branch of the motion of the defendant June Ohrnberger which was for summary judgment dismissing the complaint insofar as asserted against her on the

ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant June Ohrnberger which was for summary judgment dismissing the complaint insofar as asserted against her is denied.

The defendant June Ohrnberger failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), since the affirmed report of her examining neurologist disclosed that he found a 50% limitation in the plaintiff's range of motion in her lumbar spine (*see Strong v ADF Constr. Corp.,* 41 AD3d 1209 [2007]; *Scudera v Mahbubur,* 39 AD3d 620, 621 [2007]), and her examining orthopedist failed to compare his findings as to the range of motion of the plaintiff's cervical and lumbar spines with normal ranges of motion (*see Sullivan v Dawes,* 28 AD3d 472 [2006]; *see also Caracci v Miller,* 34 AD3d 515 [2006]). Under the circumstances, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Lameni v Verizon,* 34 AD3d 535 [2006]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]). Goldstein, J.P., Skelos, Dillon and McCarthy, JJ., concur.