■ SANTO SCAVUZZO, Appellant, v CITY OF NEW YORK et al., Respondents. [850 NYS2d 526]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated May 1, 2006, which, after a jury verdict finding the defendant Andrei Kuzin 95% at fault and the defendant City of New York 5% at fault in the happening of the accident, and awarding the plaintiff damages in the sums of $1,000,000 for past pain and suffering and $500,000 for future pain and suffering, (a) granted those branches of the motion of

the defendant Andrei Kuzin which were pursuant to CPLR 4404 to set aside the verdict for the plaintiff's failure to establish a prima facie case and for judgment as a matter of law, (b) in effect, denied, as academic, those branches of the motion of the defendant Andrei Kuzin which were to set aside the verdict as against the weight of the evidence and for a new trial on the issues of liability and damages insofar as asserted against that defendant, (c) in effect, granted those branches of the separate motion of the defendant City of New York pursuant to CPLR 4404 which were to set aside the verdict for the plaintiff's failure to establish a prima facie case and for judgment as a matter of law, and (d) denied, as academic, his cross motion pursuant to CPLR 3025 for leave to amend the complaint to increase the amount demanded in the ad damnum clause from the sum of $1,000,000 to the sum of $1,500,000.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting those branches of the motion of the defendant Andrei Kuzin which were pursuant to CPLR 4404 to set aside the verdict for the plaintiff's failure to establish a prima facie case and for judgment as a matter of law and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof, in effect, denying those branches of the motion of the defendant Andrei Kuzin which were to set aside the verdict as against the weight of the evidence and for a new trial on the issues of liability and damages insofar as asserted against that defendant and substituting therefor a provision granting those branches of the motion, and (3) by deleting the provision thereof denying as academic the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend the complaint; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiff's cross motion and thereafter a new trial on the issues of liability and damages insofar as asserted against the defendant Andrei Kuzin.

The Supreme Court correctly granted those branches of the motion of the defendant City of New York which were pursuant to CPLR 4404 to set aside the verdict in favor of the plaintiff and against it, and for judgment as a matter of law, since there was legally insufficient evidence to make out a prima facie case against it. It is undisputed that the City was not provided with prior written notice of the defective roadway condition that allegedly caused the plaintiff's accident (see Administrative Code of City of NY § 7-201 [c] [2]). As such, in order to maintain his cause of action against the City, the plaintiff was required to

demonstrate that the City created the defective roadway condition that allegedly caused his accident through an "affirmative act of negligence" or that a "special use" conferred a special benefit upon the City (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). While there was evidence that the City's Department of Transportation issued a permit to repair the roadway approximately eight years prior to the accident, the plaintiff was unable to demonstrate that a dangerous condition existed immediately after the repair was completed, that the repair caused the alleged dangerous condition, or that the City enjoyed a special use over the subject portion of the roadway (*see Daniels v City of New York*, 29 AD3d 514 [2006]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512-513 [2005]; *Gold v County of Westchester*, 15 AD3d 439 [2005]; *Bielecki v City of New York*, 14 AD3d 301 [2005]).

However, while the Supreme Court properly granted that branch of the motion of the defendant Andrei Kuzin which was to set aside the verdict, it should not have granted that branch of Kuzin's motion which was for judgment as a matter of law, but rather should have granted a new trial on the issues of both liability and damages, since the verdict, although supported by legally sufficient evidence, was nonetheless against the weight of the evidence (*see Langhorne v County of Nassau*, 40 AD3d 1045 [2007]; *Bennett v City of New York*, 303 AD2d 614 [2003]; *Nicastro v Park*, 113 AD2d 129, 133-137 [1985]). In light of this determination, the plaintiff's contentions with respect to his cross motion to increase the amount set forth in the ad damnum clause are no longer academic and should be decided by the Supreme Court.

Since we are remitting this matter to the Supreme Court, Kings County, for a new trial as against Kuzin, we note that Kuzin's counsel properly interposed a legal objection to a notice to admit served upon Kuzin by the plaintiff, on the ground that the notice to admit improperly sought an ultimate or conclusory fact which was an integral part of the plaintiff's prima facie case (*see* CPLR 3123 [a]; *cf. ELRAC, Inc. v McDonald*, 186 Misc 2d 830 [2001]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur. [*See* 12 Misc 3d 1180(A), 2006 NY Slip Op 51323(U).]