■ SALMA SAJID, Respondent, et al., Plaintiff, v YEVGENIY MURZIN et al., Appellants. [860 NYS2d 559]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated August 10, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Salma Sajid on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on grounds different from those relied upon by the Supreme Court. The defendants failed to meet their prima facie burden of showing that the plaintiff Salma Sajid (hereinafter the respondent) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants' experts failed to perform any range of motion testing with respect to the respondent's thoracic spine, despite the fact that she allegedly sustained a herniated disc and bulging discs as a result of the subject accident (*see O'Neal v Bronopolsky,* 41 AD3d 452 [2007]; *Hughes v Cai,* 31 AD3d 385 [2006]; *Loadholt v New York City Tr. Auth.,* 12 AD3d 352 [2004]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter

of law in the first instance, it is unnecessary to determine whether the respondent's opposition papers were sufficient to raise a triable issue of fact (*see O'Neal v Bronopolsky,* 41 AD3d 452 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.