■ ANNMARY BUSLJETA et al., Appellants, v PLANDOME LEASING, INC., et al., Respondents. [870 NYS2d 366]—

The defendants failed to meet their prima facie burden of showing that the plaintiff Annmary Busljeta (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants' neurologist failed to explain or substantiate, with any objective medical evidence, the basis for his conclusion that the restrictions in cervical motion that were noted as part of his qualitative assessment were self-imposed (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; cf. Gonzales v Fiallo, 47 AD3d 760 [2008]; Style v Joseph, 32 AD3d 212 [2006]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment regardless of the sufficiency of the opposing

papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination that the defendants' motion for summary judgment should have been denied, we remit the matter to the Supreme Court, Nassau County, for a determination of the cross motion on the merits (*see e.g. Scavuzzo v City of New York*, 47 AD3d 793, 795 [2008]).

The defendants' remaining contention is without merit. Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.