■ Francisco Colon, Respondent, et al., Plaintiff, v Chuen Sum Chu, Appellant, et al., Defendants. [878 NYS2d 127]—

In an action to recover damages for personal injuries, the defendant Chuen Sum Chu appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 14, 2008, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Francisco Colon against him on the ground that the plaintiff Francisco Colon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Chuen Sum Chu (hereinafter the appellant) failed to meet his prima facie burden of showing, on his motion for summary judgment, that the plaintiff Francisco Colon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, he relied on the affirmed medical report of Barry M. Katzman, an orthopedic surgeon, who examined Francisco more than 5½ years after the subject accident. During that examination, Dr. Katzman noted significant limitations in Francisco's lumbar spine range of motion (*see Powell v Prego*, 59 AD3d 417 [2009]; *Locke v Buksh*, 58 AD3d 698 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]). His explanation that said limitations were "voluntary" was insufficient by itself to remedy those findings (*see Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Since the appellant failed to establish his prima facie entitlement to judgment as a matter of law as against Francisco, it is unnecessary to reach the question of whether the papers submitted in opposition were sufficient to raise a triable issue of fact (*see Powell v Prego*, 59 AD3d 417 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Florio, Balkin and Belen, JJ., concur.