■ MARIBEL CUEVAS et al., Respondents, v COMPOTE CAB CORP. et al., Appellants. [878 NYS2d 124]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Battaglia, J.), dated August 4, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Maribel Cuevas did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff Maribel Cuevas did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants' neurologist found restrictions in the range of motion of the plaintiff's lumbar spine, which he described as "self-restricted." However, the neurologist failed to explain or substantiate, with any objective medical evidence, the basis for his conclusion that the limitations that were noted were self-restricted (see Colon v Chuen Sum Chu, 61 AD3d 805 [2009] [decided herewith]; Torres v Garcia, 59 AD3d 705 [2009]; Busljeta v Plandome Leasing, Inc., 57 AD3d 469 [2008]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment without considering the suffi-

ciency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Rivera, J.P., Dillon, Covello and Eng, JJ., concur.