■ SHAH ALAM, Respondent, v AZHARUL KARIM et al., Appellants. [879 NYS2d 151]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Battaglia, J.), entered October 3, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The Supreme Court erred in concluding that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied, inter alia, on the affirmed medical report of their examining orthopedic surgeon, David Hsu. During his examination of the plaintiff on January 17, 2008, Dr. Hsu conceded the existence of significant limitations in the plaintiff's right shoulder and lumbar spine ranges of motion (see Bagot v Singh, 59 AD3d 368 [2009]; Hurtte v Budget Roadside Care, 54 AD3d 362 [2008]; Jenkins v Miled Hacking Corp., 43 AD3d 393 [2007]; Bentivegna v Stein, 42 AD3d 555 [2007]; Zamaniyan v Vrabeck, 41 AD3d 472 [2007]). In fact, he concluded in his report that the plaintiff still had ongoing positive indications that the plaintiff's injuries were unresolved more than a year and a half after the accident. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Bagot v Singh, 59 AD3d 368 [2009]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Skelos, J.P., Florio, Balkin and Belen, JJ., concur.