■ CHANG AI CHUNG, Appellant, v BRYAN Z. LEVY et al., Respondents. [887 NYS2d 676]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated

September 3, 2008, as, upon renewal, in effect, vacated its prior order dated May 30, 2008, denying the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and thereupon granted the motion.

Ordered that the order dated September 3, 2008, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the order dated May 30, 2008, denying the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), is adhered to.

The Supreme Court erred in finding, upon renewal, that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on, inter alia, the affirmed medical report of Dr. Mathew M. Chacko, their examining neurologist. Dr. Chacko examined the plaintiff on November 7, 2007. On that date, Dr. Chacko performed various range-of-motion testing on the plaintiff, including cervical spine testing. According to Dr. Chacko's own findings, during this examination he noted significant limitations in the plaintiff's cervical spine range of motion (*see Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Colon v Chuen Sum Chu*, 61 AD3d 805 [2009]). While Dr. Chacko concluded that the decreased ranges of motion were "voluntary," he failed to explain or substantiate, with any objective medical evidence, the basis for his conclusion that the limitations that were noted were self-restricted (*see Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Colon v Chuen Sum Chu*, 61 AD3d 805 [2009]; *Torres v Garcia*, 59 AD3d 705 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Accordingly, the Supreme Court, upon renewal, should have adhered to its original determination denying the defendants' motion for summary judgment without considering the sufficiency of the plaintiff's opposition papers (*see Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.