■ HI OCK PARK-LEE, Appellant, v MAURICIO D. VOLERIAPERIA et al., Respondents. [888 NYS2d 215]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Cullen, J.), dated September 29, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of their examining neurologist Dr. Monette G. Basson. In her report, Dr. Basson noted that the

plaintiff had a significant limitation in her lumbar spine range of motion, and concluded that the decreased range of motion was "voluntary." However, she failed to explain or substantiate, with objective medical evidence, the basis for her conclusion that the limitation was voluntary (*see Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Colon v Chuen Sum Chu*, 61 AD3d 805 [2009]; *Torres v Garcia*, 59 AD3d 705 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Cuevas v Compote Cab Corp.*, 61 AD3d at 812; *Colon v Chuen Sum Chu*, 61 AD3d at 805; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.