Evelyne Mondert, Respondent, v Iglesia De Dios Pentecostal Cristo Viene, Inc., Appellant, et al., Defendant. [892 NYS2d 493]—

The appellant failed to meet its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of its motion, the appellant relied on, inter alia, the affirmed medical report of its examining neurologist. In that report, he noted that the plaintiff had a significant limitation in her lumbar spine range of motion, and concluded that the decreased range of motion was "voluntary." However, he failed to explain or substantiate, with objective medical evidence, the basis for his

conclusion that the limitation was voluntary (*see Hi Ock Park-Lee v Voleriaperia*, 67 AD3d 734 [2009]; *Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Colon v Chuen Sum Chu*, 61 AD3d 805 [2009]; *Torres v Garcia*, 59 AD3d 705 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Hi Ock Park-Lee v Voleriaperia*, 67 AD3d 734 [2009]; *Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.