■ LORRAINE PENORO et al., Appellants, v LISA M. FIRSHING, Respondent. [897 NYS2d 110]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated January 6, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Lorraine Penoro did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to make a prima facie showing that the plaintiff Lorraine Penoro (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance

Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The report of the defendant's examining orthopedist disclosed that he found limitations in the ranges of motion of the cervical and lumbar regions of the injured plaintiff's spine (*see Powell v Prego*, 59 AD3d 417, 419 [2009]; *Norme v Ajons*, 57 AD3d 749 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531, 532 [2008]; *Umar v Ohrnberger*, 46 AD3d 543, 544 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, we need not examine the sufficiency of the plaintiffs' opposition papers (*see Held v Heideman*, 63 AD3d 1105, 1106 [2009]; *Landman v Sarcona*, 63 AD3d 690, 691 [2009]; *Alam v Karim*, 61 AD3d 904 [2009]; *Liautaud v Joseph*, 59 AD3d 394, 395 [2009]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.