CHUN OK KIM, Appellant, v MARK J. OROURKE, Respondent. [893 NYS2d 892]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered February 17, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's own examining neurologist reported findings of limitations in the ranges of motion in the cervical and lumbar regions of the injured plaintiff's spine (*see Powell v Prego*, 59 AD3d 417 [2009]; *Norme v Ajons*, 57 AD3d 749 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531 [2008]; *Umar v Ohrnberger*, 46 AD3d 543 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]), and he failed to "explain or substantiate, with any objective medical evidence, the basis for his conclusion that the noted limitations were self-restricted" (*Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]; *see Hi Ock Park-Lee v Voleriaperia*, 67 AD3d 734 [2009]; *Chang Ai Chung v Levy*, 66 AD3d 946 [2009]; *Moriera v Durango*, 65 AD3d 1024 [2009]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we need not examine the sufficiency of the plaintiff's opposition papers (*see Held v Heideman*, 63 AD3d 1105 [2009]; *Landman v Sarcona*, 63 AD3d 690 [2009]; *Alam v Karim*, 61

AD3d 904 [2009]; *Liautaud v Joseph*, 59 AD3d 394 [2009]). Fisher, J.P., Santucci, Angiolillo, Hall and Lott, JJ., concur.