OPINION OF THE COURT
Per Curiam.
Judgment entered on or about December 12, 2008, affirmed, with $25 costs.
Plaintiff commenced this action against defendant to recover $1,790.67 in assigned first-party no-fault benefits for medical services provided to plaintiffs assignor. Plaintiff subsequently served upon defendant a notice to admit (see CPLR 3123), requesting that defendant admit, among other things, that (1) the two bills attached to the notice were “true and accurate” copies of the bills received by defendant, and (2) those bills had not been paid by defendant. Defendant did not respond to the notice to admit in any manner. At trial, plaintiff, which did not call any witnesses, introduced into evidence the notice to admit and the documents that accompanied it, and moved for a directed verdict on its complaint, arguing that defendant’s failure to respond to the notice constituted an admission of the facts on which plaintiff sought admissions. The trial court granted plaintiffs motion for a directed verdict, and judgment was entered in plaintiffs favor.
On appeal, defendant argues that plaintiff could not rely upon defendant’s admissions resulting from its failure to respond to the notice to admit to establish plaintiffs prima facie case. Defendant maintains that, notwithstanding the factual admissions resulting from its failure to respond to the notice to admit, plaintiff was required to call witnesses at trial to lay a foundation for the admission into evidence of the bills. Because plaintiff did not call any trial witnesses, defendant asserts that the complaint should have been dismissed, as plaintiff failed to establish entitlement to recover the assigned no-fault benefits. We disagree, and affirm.
CPLR 3123 permits a party, by written request, to seek from another party an admission of, among other things,
*36 “the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by [it] upon reasonable inquiry” (CPLR 3123 [a]).
A party served with a notice to admit has 20 days, measured from the service of the notice, to respond (id.). If that party does not timely respond to the notice in the manner prescribed by the statute, the party is deemed to have admitted each of the factual matters on which an admission was sought (id.). An admission made pursuant to a notice to admit is not merely evidence of the fact admitted, but rather conclusively resolves that fact (Groeger v Col-Les Orthopedic Assoc., 136 AD2d 952 [1988]). The purpose of the notice to admit is “to remove from the case those uncontested matters which would merely present a time-consuming burden at trial” (Villa v New York City Hous. Auth., 107 AD2d 619, 620 [1985]; see Hodes v City of New York, 165 AD2d 168, 170 [1991]).
Here, defendant was served with a notice to admit requesting it to admit a few straightforward, relevant facts which it knew or could have ascertained upon reasonable inquiry — whether the two bills attached to the notice were “true and accurate” copies of the bills received by defendant, and that defendant had not paid those bills. The facts on which plaintiff sought admissions were clear-cut and easily provable (see Marine Midland Bank v Custer, 97 AD2d 974, 974 [1983]); plaintiff did not seek admissions as to legal conclusions or on scientific or technical information (see Villa, supra; Berg v Flower Fifth Ave. Hosp., 102 AD2d 760 [1984]). That these facts were material to plaintiffs prima facie case and determinative of its claim do not preclude them from being deemed admitted by defendant (see Marine Midland Bank, supra; Psaroudis v Psaroudis, 30 AD2d 841 [1968], affd 27 NY2d 527 [1970]; Siegel, NY Prac § 364, at 604 [4th ed]).
Moreover, plaintiff was justified in seeking admissions on those facts, since, on the record before us, no substantial dispute existed between the parties on those facts (cf. Hawthorne Group v RRE Ventures, 7 AD3d 320 [2004]). We note in this connection that, other than in its conclusory answer, defendant never denied the accuracy of the facts on which plaintiff sought admissions (cf. Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6 [2000]), and defendant did not seek a protective order to test the validity of the notice to admit (see CPLR 3101) or to amend *37 or withdraw the admissions (see CPLR 3123 [b]). We also note that in its brief on appeal, defendant does not seriously challenge the accuracy of the content of the bills attached to the notice to admit, its receipt of the bills, or its acknowledged failure to pay the bills.
Therefore, plaintiffs requests for admissions were appropriate, and defendant, by failing to respond to the notice to admit or seek other appropriate relief, is deemed to have admitted the facts on which plaintiff sought admissions. Because defendant admitted that the two bills attached to the notice were “true and accurate” copies of the bills received by defendant and that defendant has not paid those bills, plaintiff established its entitlement to recover the overdue assigned first-party no-fault benefits (see Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]).*
Our conclusion that a plaintiff provider can use admissions obtained through a notice to admit to establish its entitlement to recover overdue assigned first-party no-fault benefits is consonant with the purposes underlying the No-Fault Law, which “were to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]), as well as case law allowing a plaintiff provider to establish its entitlement to such benefits based on admissions obtained from a defendant insurer on interrogatories (see Fair Price Med. Supply, Inc. v St. Paul Travelers Ins. Co., 16 Misc 3d 8 [2007]).
McKeon, EJ., Shulman and Hunter, JJ., concur.

 To the extent Bajaj v General Assur. (18 Misc 3d 25 [2007]) can be read to support a contrary result, we decline to follow it.