■ ALBERT R. ISAKOV, Respondent, v KENNETH COOPER et al., Defendants, and CHARLES TIMEUS, Appellant. [914 NYS2d 916]—

In an action to recover damages for personal injuries, the defendant Charles Timeus appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered May 11, 2010, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the appellant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), but for reasons other than those cited by the Supreme Court.

In support of the motion, the appellant relied upon, inter alia, the affirmed medical report of an orthopedic surgeon, who noted during his examination of the appellant that the appellant had a limitation in spinal flexion, the extent of which is unknown because the appellant refused to bend more than partway, claiming that he was in pain. The orthopedist concluded that the limitation was "volitional," but failed to sufficiently explain or substantiate with objective medical evidence the basis for that conclusion (*see Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Mondert v Iglesia De Dios Pentecostal Cristo Viene, Inc.*, 69 AD3d 590 [2010]). Further, with respect to the plaintiff's claimed injury to his right hip, the orthopedist examined the right hip, but failed to set forth any range-of-motion findings concerning that region of the plaintiff's body (*see Sajid v Murzin*, 52 AD3d 493 [2008]), and no additional evidence was submitted on this issue. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.