OPINION OF THE COURT
Steven Z. Mostofsky, J.
*820 Before trial, plaintiff sought summary judgment based on documentary evidence. The defendant appeared without witnesses. The parties submitted memoranda of law and the court heard oral argument on July 27, 2015.
Plaintiff claimed it served notices to admit on the defendant. Since the defendant never contested the admissions, the plaintiff moved for summary judgment. The court denies that portion of plaintiffs motion since it never submitted the notices to admit.
Plaintiff also submitted defendant’s response to interrogatories with attached denials. One denial listed the claim’s date and the date defendant received it. The plaintiff moved for summary judgment because the denials are admissible under the admission exception to the hearsay rule and prove plaintiff mailed the claim to the defendant and it was received. The court grants summary judgment based on the admissions in the denials annexed to the interrogatory response.
In a matter of apparent first impression, the court must analyze the Court of Appeals decision in Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co. (25 NY3d 498 [2015]) to determine whether the plaintiff may prove a prima facie case based on defendant’s admissions.
Here, plaintiff submitted the defendant’s interrogatory response, and annexed three denials. Three independent medical examination (IME) letters scheduled examinations for June 29, 2011, July 6, 2011, and July 20, 2011. The first two do not state when the claim was made or received. The third denial, dated October 26, 2011, is based on the claimant’s failure to appear for IMEs on the scheduled dates. The denial lists the claim’s date and the date the defendant received the claim. Since the last missed IME was on July 20, 2011, the denial issued on October 26, 2011 was not issued within the 30-day time limit. (Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c].)
The Appellate Term, First Department holds that any admissible evidence that shows plaintiff filed a no-fault claim proves its prima facie case, absent payment or a timely denial. Responses to notices to admit and interrogatories with admissions are admissible as admissions against interest and sufficiently prove plaintiff’s prima facie case. (Fair Price Med. Supply, Inc. v St. Paul Travelers Ins. Co., 16 Misc 3d 8 [App Term, 1st Dept 2007]; Central Nassau Diagnostic Imaging, P.C. v GEICO, 28 Misc 3d 34 [App Term, 1st Dept 2010].)
The Appellate Term, Second Department held that defendant’s responses to notices to admit could not establish plaintiff’s *821 prima facie case, since the responses did not concede their admissibility. (Bath Med. Supply, Inc. v Utica Mut. Ins. Co., 23 Misc 3d 141[A], 2009 NY Slip Op 51030[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bajaj v General Assur., 18 Misc 3d 25, 28-29 [App Term, 2d Dept, 2d & 11th Jud Dists 2007].) Here, the plaintiff asks the court to grant its motion based on the admissions contained in the denials.
In Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co. (55 AD3d 644, 644 [2d Dept 2008]) the Second Department held medical service providers must prove the “admissibility of their billing records under the business records exception to the hearsay rule.”
The Appellate Term, Second Department, determined Art of Healing Medicine, P.C. required
“a plaintiff medical provider, as part of its prima facie burden, to establish that the claim forms annexed to the summary judgment motion are admissible as proof of the acts, transactions, occurrences, or events recorded therein pursuant to CPLR 4518 (a). Thus, in essence, [the Appellate Term, Second Department] required proof of the merits of the claim, in addition to proof of the billing.” (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33, 43-44 [2d Dept 2013].)
But, in Viviane Etienne Med. Care, P.C. the Second Department overruled Art of Healing. The Court held plaintiff’s affidavits had to demonstrate proof of billing, its receipt and not the case’s merits. (Id. at 44-45.)
The Court of Appeals affirmed. (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015].) The Court cited the no-fault claim procedures:
“The[ ] regulations require an accident victim to submit a notice of claim to the insurer as soon as practicable and no later than 30 days after an accident (see 11 NYCRR 65-1.1, 65-2.4 [b]). Next, the injured party or the assignee . . . must submit proof of claim for medical treatment no later than 45 days after services are rendered (see 11 NYCRR 65-1.1, 65-2.4 [c]). Upon receipt of one or more of the prescribed verification forms used to establish proof of claim, ... an insurer has 15 business days within which to request ‘any additional verification required by the insurer to establish proof of claim’ (11 NYCRR 65-3.5 [b]). An insurer may also request *822 ‘the original assignment or authorization to pay benefits form to establish proof of claim’ within this time frame (11 NYCRR 65-3.11 [c]). Significantly, an insurance company must pay or deny the claim within 30 calendar days after receipt of the proof of claim (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). If an insurer seeks additional verification, however, the 30-day window is tolled until it receives the relevant information requested (see 11 NYCRR 65-3.8 [a] [1]) (Fair Price Med. Supply Corp. v Travelers Indent. Co., 10 NY3d 556, 562-563 [2008], quoting Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317 [2007]; see Insurance Law § 5106 [a])” (id. at 505 [internal quotation marks omitted]).
Thus, to meet its burden on a summary judgment motion based on an overdue payment, the Court required that plaintiff prove, in admissible form, that a verification of treatment form was mailed to the defendant. (Id. at 507.) “Such proof may include the verification of treatment form and/or an affidavit from a person or entity (1) with knowledge of the claim and how it was sent to the insurer or (2) who has relied upon the forms in the performance of their business.” (Id. [emphasis added].) And “[a]dmissible evidence may include affidavits by persons having knowledge of the facts [and] reciting the material facts.” (Id. at 508 [emphasis added and internal quotation marks omitted].)
This court finds that when the Court of Appeals used the word “may” it was expansive. It envisioned that plaintiff could submit any admissible evidence to establish proper mailing and that defendant received the claim. And absent a timely denial regarding the claim forms themselves, a defendant cannot challenge the submission. (Id. at 506.)
The Court of Appeals held in a non-no-fault context that if “the party who served the interrogatories is the proponent, the hearsay problem is eliminated because the answers are admissible under the admissions exception to the hearsay rule.” (United Bank v Cambridge Sporting Goods Corp., 41 NY2d 254, 264 [1976].)
Defendant’s denial included an admission by defendant that proves exactly when the defendant received the claim. If an affidavit or testimony creates a presumption of mailing then an admission by defendant that it received the claim on a date certain, absent a denial, should create a rebuttable presumption that the mail was received.
*823 This accords with the Court’s rulings that no-fault was enacted to ensure prompt payment of first-party insurance benefits “but within a . . . short-leashed contestable period” in which to deny “ill-founded, illegitimate and fraudulent claims” (Viviane Etienne, 25 NY3d at 507). The statute was created to “provide a tightly timed process of claim, disputation and payment.” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 281 [1997].)
The defendant’s denial admitted when it received the claim, and defendant never challenged the claim forms or the timeliness of the denial, and had no trial witness. Thus the court holds and finds that the plaintiff met its prima facie burden of proof and is entitled to judgment.
Judgment for plaintiff for $5,036.94, plus statutory costs, interest and attorney fees.