■ L. B. KAYE ASSOCIATES, LTD., Respondent, v RHONA LIBOV, Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. DOUGLAS ELLIMAN-GIBBONS & IVES, INC., Third-Party Defendant-Appellant-Respondent.—Motion for reargument granted, and upon reargument, this court's order entered on December 22, 1987 (135 AD2d 1153) is vacated.

Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on or about October 9, 1986, unanimously affirmed, without costs and without disbursements.

The motion of third-party plaintiff, Rhona Libov, for summary judgment declaring third-party defendant, Douglas Elliman-Gibbons & Ives, Inc., liable under the indemnity agreement was properly denied. Absent a specific provision in the contract of indemnity, an indemnitee is not required to give the indemnitor notice of the claims against him. *(Delaware & Hudson R. R. Corp. v Adirondack Farmers Coop. Exch,* 33 AD2d 962, 963 [3d Dept 1970], citing *Conner v Reeves,* 103 NY 527, 529-530.) If, however, the indemnitee fails to notify the indemnitor, "or having notified him, refuses to accept proffered assistance, he proceeds at his own risk with regard to any judgment or settlement which may ultimately ensue. Then, in order to recover reimbursement he must establish that he would have been liable and that there was no good defense to the liability" *(Feuer v Menkes Feuer, Inc.,* 8 AD2d 294, 299 [1st Dept 1959]; *Baker v Northeastern Indus. Park,* 73 AD2d 753, 754 [3d Dept 1979]).* Inasmuch as third-party plaintiff elected to proceed with counsel of her own choosing, rather than the counsel proffered by her indemnitor, and as her liability to plaintiff has yet to be determined, her motion was premature. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.