■ DAVID ABRAMOWITZ, Respondent, v AMERICAN GENERAL CONTRACTING Co., Appellant, et al., Defendant. (And a Third-Party Action.) [658 NYS2d 24] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about May 26, 1995, which, insofar as appealed from, granted plaintiff's motion to confirm the Special Referee's report finding personal jurisdiction over defendant-appellant, granted the motion of plaintiff's administrator to be substituted for plaintiff, and denied defendant's motion to dismiss the complaint for failure to substitute plaintiff's administrator in timely manner, unanimously affirmed, with costs.

We find that defendant participated in the traverse with full knowledge of plaintiff's death, and accordingly waived any claim that the traverse was a nullity because it took place without a proper substitution of the deceased plaintiff's representative (see, Nieves v 331 E. 109th St. Corp., 112 AD2d 59, 60-61). Defendant's claim of prejudice as a result of the delay in substituting plaintiff's representative is improperly raised for the first time on appeal, and, in any event, without merit. Concerning the traverse, we agree with the motion court that the findings of the Special Referee are substantially supported by the record, and should be confirmed. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RENDE, Appellant. [658 NYS2d 856] —Judgment, Supreme Court, New York County (Allen Alpert, J., at suppression hearing; Jeffrey Atlas, J., at nonjury trial and sentencing), rendered November 16, 1994, convicting defendant of criminal possession of a controlled substance in the seventh degree, and sentencing him to 3 years probation, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. We decline to disturb the hearing court's credibility determinations, which are supported by the record (see, People v Prochilo, 41 NY2d 759, 761). Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.