■ In the Matter of the LIQUIDATION OF UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator, Appellant-Respondent, v ROBERT A. SPIRA, Respondent-Appellant. [736 NYS2d 1] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 10, 2001, which, in an action by plaintiff liquidator on an investor bond in which the insolvent insurance company agreed to guarantee payment of the promissory note made by defendant to purchase a certain investment and defendant agreed to indemnify the insolvent insurance company for any amount it paid on such guarantee,

granted plaintiff's motion for summary judgment to the extent of awarding plaintiff the principal amount of the note, and referring, *inter alia,* the issue of the reasonable amount of interest and attorneys' fees to a referee, and judgment, same court and Justice, entered January 10, 2001, in favor of plaintiff and against defendant in the principal amount of the note, unanimously affirmed, without costs.

Defendant's allegations of fraud against the holder bank, the insolvent insurance company and the liquidator are conclusory and otherwise insufficient to raise an issue of fact. We note with regard to the particular allegations made against the insolvent insurance company and the liquidator that a claim of aiding and abetting fraud cannot be predicated upon mere silence (*see, King v Schonberg & Co.,* 233 AD2d 242). Defendant's claim that he needs disclosure to particularize his fraud claims amounts to nothing more than a "mere hope" of uncovering sufficient evidence, and is unavailing (*see, Frierson v Concourse Plaza Assocs.,* 189 AD2d 609, 610). In the absence of any fraud, the waiver of defenses clause in the indemnity agreement bars defendant's defenses, which are, in any event, without merit. The motion court properly refused to award the full amount of accrued interest on plaintiff's contractual indemnification claim based upon its finding, after years of supervising this protracted litigation, that plaintiff's litigation tactics unjustifiably prolonged the litigation (*cf., generally, American Home Assur. Co. v Gemma Constr. Co.,* 275 AD2d 616, 619-620, *lv dismissed* 96 NY2d 791). We have considered and rejected the parties' other arguments for affirmative relief. Concur—Williams, J. P., Tom, Lerner, Buckley and Friedman, JJ.