■ In the Matter of Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent; ROBERT A. SPIRA, Appellant. [893 NYS2d 513]—

Judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered February 14, 2008, awarding plaintiff the sum of $257,858.62 against defendant, pursuant to an order, same court (Karla Moskowitz, J.), entered February 14, 2008, which granted plaintiff's motion to confirm the report and recommendation of a special referee, and directed entry of judgment in accordance with the recommendation, unanimously affirmed, without costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant's statute of limitations argument is barred by res judicata. Originally dismissed by Justice Gammerman in an earlier decision in this matter, affirmed by this Court (289 AD2d 173 [2001], *lv denied* 98 NY2d 672 [2002]), this argument was raised again by defendant on an appeal in 2004, which was dismissed with prejudice by order of this Court entered August 18, 2005.

Defendant's argument that his right to offsets for the diminution in value of certain stocks which were subject to a restraining order is without merit as the order was made with the consent of the defendant. Moreover, it would be purely speculative to conclude that defendant would have sold the stock prior to some degree of diminution, since defendant never sought permission to sell any of the stock and does not offer any record support for his alleged losses. In any event, such decrease in value was not caused by the restraints on his stock, but by market forces (*see Miller v Ferry*, 2 NYS 863 [1888]).

The reference to the special referee was properly made. The motion court correctly perceived that the only issue remaining as to any alleged improper conduct by the liquidator, which had not already been dismissed by Justice Gammerman (289 AD2d at 174), was whether the liquidator had unjustifiably prolonged the litigation, and the court properly limited defendant's discovery to that issue. Moreover, this referral was consistent with the earlier referral by Justice Gammerman, in that both sought to have the special referee determine the reasonableness of interest and attorneys' fees associated with the collection of the underlying debt which defendant guaranteed. No issue re-

lating to the failure to notify defendant or to accept defendant's proffered assistance remains because, even though the liquidator would then "proceed[ ] at his own risk," that risk is limited to the later necessity of proving, at the time of seeking reimbursement from the indemnitor (defendant), that the indemnitor would have been liable and that there was no good defense (*L. B. Kaye Assoc. v Libov*, 139 AD2d 440 [1988]). Those issues were established in the aforementioned proceedings before Justice Gammerman (*see* 289 AD2d 173 [2001]). Defendant's challenge to the legality of the reference is waived, since he did not object to it and fully participated in the proceedings before the special referee (*see Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003], *lv denied* 100 NY2d 512 [2003]). Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.