■ 1199 HOUSING CORPORATION, Respondent, v JIMCO RESTORATION CORP., Appellant, et al., Defendant. [909 NYS2d 429]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered August 29, 2008, awarding plaintiff $284,126.83 in attorneys' fees and costs, plus $150,766.26 in interest from October 7, 2002, for a total award of $434,893.09, unanimously affirmed, with costs.

Defendant Jimco Restoration Corp.'s (Jimco) challenge to the legality of the scope of the reference to a special referee was waived, as it failed to object to such reference and thereafter fully participated in the proceedings before the Special Referee (see e.g. Matter of Union Indem. Ins. Co. of N.Y., 67 AD3d 469 [2009]; see also Abramowitz v American Gen. Contr. Co., 239 AD2d 303 [1997]). In any event, the argument is unavailing since the Judicial Hearing Officer, in ordering the reference only insofar as to determine the amount of attorneys' fees recoverable, implicitly found that the terms of the parties' licensing agreement had entitled plaintiff to recover reasonable attorneys' fees (see generally CPLR 4317 [b]).

We further find that Jimco, due to lack of specific objection at either the hearing, or in its posthearing memorandum, failed to preserve its claim that plaintiff presented insufficient proof at the hearing to establish the reasonableness of such fees (see e.g. Adelaide Prods., Inc. v BKN Intl. AG, 51 AD3d 598 [2008]). In

any event, the managing partner in charge of billing and record maintenance at the law firm which represented plaintiff testified that the firm's billing records submitted into evidence identified the legal work performed, the billing rates of the firm's counsel, and the amount billed for the work described (*see 1050 Tenants Corp. v Lapidus*, 52 AD3d 248 [2008]; *Rothschild Inc. v Telergy, Inc.*, 270 AD2d 148 [2000]). Contrary to Jimco's contention, prejudgment interest on the attorneys' fee claim was properly awarded from the date of the underlying judgment on plaintiff's breach of contract claim and not from the date of the instant judgment (*see Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226-227 [2005]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Abdus-Salaam and Román, JJ.