Marin v Constitutional Realty, LLC (2018 NY Slip Op 03492)





Marin v Constitutional Realty, LLC


2018 NY Slip Op 03492


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6576N 111531/07

[*1] Jose Marin, et al., Plaintiffs,
v
Constitutional Realty, LLC, et al., Defendants.
Sheryl Menkes, Esq., Nonparty Appellant,
v
David B. Golomb, Esq., Nonparty, Barbara Manheimer, etc., Nonparty Respondent.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Parker Waichman, LLP, New York (Jay L. T. Breakstone of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered April 12, 2017, which, to the extent appealed from as limited by the briefs, in granting nonparty David B. Golomb, Esq.'s motion insofar as it sought to authorize disbursal of attorneys' fees to the Estate of Jeffrey A. Manheimer, granted prejudgment interest from May 31, 2013, unanimously affirmed, without costs.
Following settlement of plaintiffs' personal injury action in May 2013 for $8 million, nonparty Sheryl Menkes, Esq., disputed claims made by Manheimer and Golomb that they were entitled to receive a percentage of the net attorneys' fees awarded in the action under their respective fee-sharing agreements. The Court of Appeals ultimately determined that Manheimer's estate is entitled to receive 20% of net attorneys' fees, and Golomb is entitled to 12% (Marin v Constitution Realty, LLC, 28 NY3d 666, 669 [2017]). Thereafter, Golomb, who had been holding the fees in escrow, sought court approval for his accounting and permission to distribute the funds in accordance with the Court of Appeals' order. In response to that motion, Manheimer's estate supported Golomb's motion, and asked that it be awarded prejudgment interest on the amount due from the date of the settlement, which was the earliest ascertainable date the cause of action existed (CPLR 5001[b]).
The court correctly determined that Manheimer's estate was entitled to prejudgment interest on his attorneys' fees from the date of settlement of the personal injury action (see 1199 Hous. Corp. v Jimco Restoration Corp., 77 AD3d 502, 503 [1st Dept 2010]; Solow Mgmt. Corp. v Tanger, 19 AD3d 225, 226-227 [1st Dept 2005]). Although Manheimer was entitled to 20% of net attorneys' fees under the "plain language" of his agreement with Menkes (Marin, 28 NY3d at 669), Menkes resisted his claim and moved to limit him to quantum meruit recovery. Under the circumstances, Manheimer's estate was appropriately awarded prejudgment interest in order to make it whole (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117-118 [2012]; Samuel v Druckman & Sinel, LLP, 12 NY3d 205, 210 [2009]).
The Court has considered Menkes's other arguments and finds them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK