Zacharius v Kensington Publ. Corp. (2018 NY Slip Op 08365)





Zacharius v Kensington Publ. Corp.


2018 NY Slip Op 08365


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


652460/12 7831

[*1]7832N Suzanne Mangold Zacharius, Plaintiff-Appellant,
v
Kensington Publishing Corporation, et al., Defendants-Respondents.


William S. Beslow, New York, for appellant.
Fox Rothschild LLP, New York (Daniel A. Schnapp and Stephanie Resnick of counsel), for respondents.



Judgment, Supreme Court, New York County (Steven E. Liebman, Special Referee, J.), entered March 27, 2017, awarding defendants sanctions against plaintiff, unanimously affirmed, with costs. Order, same court (Eileen Bransten, J.), entered June 27, 2017, which denied plaintiff's motion to amend the complaint, unanimously affirmed, with costs.
The Special Referee's determination of defendants' reasonable attorneys' fees and costs to be paid by plaintiff as a sanction for discovery abuses is supported by the record (see Kaplan v Einy, 209 AD2d 248, 250-251 [1st Dept 1994]). The evidence includes the testimony of the experienced attorneys who performed the relevant services and the invoices sent to the clients, which describe the services in detail and the time spent each day, and which, the attorneys testified, were prepared contemporaneously with the services rendered (see generally Matter of Freeman, 34 NY2d 1, 9 [1974]). Plaintiff failed to present any evidence that the time spent by defendants' attorneys was duplicative or unreasonable.
Contrary to plaintiff's contention that the Special Referee failed to analyze the evidence or cite the reasons for his determination, the Special Referee made it clear that, while defendants' attorneys' hourly rates were reasonable, not all of the claimed time spent was reasonable, and accordingly he awarded an amount significantly less than the amount requested.
Plaintiff contends, based on the Special Referee's statements concerning her prior conduct, that the Special Referee improperly imposed a punitive element in determining the amount of the sanction. This contention is belied by the record. The Special Referee's comments about plaintiff's misconduct were part of his general discussion of the background of the matter before him. As indicated, he significantly cut defendants' attorneys' request because he was skeptical of the claimed amount of time spent.
Plaintiff's contention that certain specific entries in defendants' time records are excessive is improperly raised for
the first time on appeal (see 1199 Hous. Corp. v Jimco Restoration Corp., 77 AD3d 502, 502-503 [1st Dept 2010]). In any event, as indicated, the Special Referee did not award defendants' attorneys 100% of the fees they requested.
The court properly declined to grant plaintiff leave to amend the amended complaint, because the proposed second amended complaint is devoid of merit (see Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). Despite extensive discovery, plaintiff presented no evidence that the signature page of the challenged voting agreement was attached to a different document at the time it was signed by Walter Zacharius. There are many other possible explanations for the presence of two sets of staple holes; it may be that the document was unstapled to facilitate copying and then restapled. Indeed, the chief financial officer of defendant Kensington Publishing Corp. testified that Walter and defendant [*2]Steven Zacharius called him into Walter's office and asked him to sign the agreement and that he saw that both of them had already executed it. Thus, the signature page was attached to the agreement when the chief financial officer signed it on behalf of Kensington.
The court properly declined to consider parol evidence as to the parties' intent (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Plaintiff failed to overcome the "heavy presumption" that a deliberately prepared and executed contract
manifests the true intent of the parties (see Chimart Assoc. v Paul, 66 NY2d 570, 574 [1986]).
Plaintiff contends that testimony as to Walter's mistaken understanding of the legal effect of the agreement demonstrates that there was a mutual mistake and no meeting of the minds (see Resort Sports Network Inc. v PH Ventures III, LLC, 67 AD3d 132, 135 [1st Dept 2009]). However, Walter's alleged statements as to his after-the-fact understanding of the agreement are insufficient to invalidate the agreement, because there is no evidence that the parties had reached a different agreement concerning their mutual voting rights. In any event, there is no evidence that, at the time the parties signed the agreement, they did not understand its terms, only that years later they had a different understanding of its legal effect.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK